George Hamerick, et al., v. People of the State of Illinois, ex rel. William Real.

Gen. No. 12,430.

1. PARENT AND CHILD—*jurisdiction of court of chancery independent of statute.* Chancery has jurisdiction, whenever it appears that the parents are grossly unfit to care for their child and fail in that respect, to interfere and deprive them of the custody of their child and appoint a suitable person or persons to act as guardian and care for the same.

2. HABEAS CORPUS—*when criminal court without jurisdiction to entertain petition for.* Where the Circuit Court has jurisdiction over a child and has by its order exercised such jurisdiction with respect to its custody, retaining the power to modify such order, the Criminal Court is without jurisdiction to entertain a petition for the writ of *habeas corpus* which would in effect review the action of such court.

*Habeas corpus* proceeding. Error to the Criminal Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed. Opinion filed May 8, 1906.

WILLIAM O. LA MONTE, for plaintiffs in error.

JOHN E. W. WAYMAN, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This cause is before us on a writ of error to the Criminal Court of Cook County. Upon a petition for a writ of *habeas corpus* in that court by the father of Le Roy Real, an infant child, the Criminal Court awarded the custody of the child to the relator.

It appears from the record that the Circuit Court of Cook County had jurisdiction of the infant, and had temporarily placed him in the charge of plaintiffs in error, at the time of the filing of the petition in the Criminal Court.

In that proceeding the Circuit Court was acting within its jurisdiction exercising the parental power of the state over the infant, so far as it was necessary for his protection and education. The court of chancery has this jurisdiction, independently of statutory enactment, and may and will, whenever it appears that the parents are grossly unfit to care for their child and fail in that respect, interfere and deprive them of the custody of their child, and appoint a suitable person or persons to act as guardian and care for the child. *In re* Petition of Ferrier, 103 Ill. 367.

By the Act entitled "An Act to regulate the treatment and control of dependent, neglected and delinquent children," in force July 1, 1899, chapter 23, sec. 169, Hurd's R. S., this jurisdiction is expressly conferred upon the Circuit Court.

The Circuit Court having acquired jurisdiction of the infant Le Roy Real, as the record shows, and being in the exercise thereof at the time the Criminal Court attempted to interfere therewith, by transferring the custody of the child to the relator, the Criminal Court was wholly without jurisdiction to act in the matter, and should have dismissed the petition for *habeas corpus*. The judgment of the Criminal Court was a nullity, and did not affect the custody of the child by plaintiffs in error. The Criminal Court could not review in a *habeas corpus* proceeding the action of the Circuit Court as to the custody of the child.

Counsel for defendant in error says in his brief: "If this were a case where private parties were contesting for the custody of a child, then it must be admitted that the Criminal Court of Cook County would have no jurisdiction." This is precisely the nature of the case. The judgment of the Criminal Court orders that Le Roy Real be and is discharged from the restraint of the Circuit Court and awards the custody, possession and care of Le Roy Real to the relator William Real. It is not a case therefore in which Le Roy Real is seeking his liberty from illegal restraint, but it is a case where private parties are contesting for his custody, plaintiffs in error having the custody and control of Real by

virtue of the order of the Circuit Court of Cook County, and the relator claiming that he is entitled to the custody and control of his child upon the ground that the Circuit Court was without jurisdiction over him.

The judgment of the Criminal Court is reversed.

*Reversed.*