## The People of the State of Illinois ex rel. Frances Crofts, Plaintiff in Error, v. Conant Wait and Ada Wait, Defendants in Error.

### Gen. No. 30,910.

1. FORMER ADJUDICATION—*how foreign decree of divorce cannot be collaterally attacked.* A foreign decree of divorce cannot be collaterally attacked in a habeas corpus proceeding for the custody of a child provided for in the divorce decree, by attempting to show the decree was void because the facts were not properly presented at the divorce trial.

2. DIVORCE—*what may be shown in proceeding to change custody of child.* In habeas corpus to determine the custody of the child of divorced parents awarded by decree of the courts of another State to the father, the court should permit evidence by relatrix, the mother, to show her circumstances have improved since the divorce decree and to show the condition of her former husband and the child since that time.

3. FORMER ADJUDICATION—*when foreign divorce decree not res adjudicata as to custody of children.* A foreign decree of divorce awarding custody of a child until the further order of the court is not *res adjudicata* in this State as to the custody of the child.

4. EVIDENCE—*presumptions as to law of foreign State.* In the absence of evidence to the contrary it will be presumed that the law of another State touching the custody of children in divorce proceedings is the same as the law of this State.

5. DIVORCE—*power of domestic courts to change custody of children fixed by decree of another State.* The custody of children awarded by decree of divorce granted in another State may be changed by the courts of this State where warranted by facts occurring after the divorce and required by the best interests of the child, all of the parties having, since the entry of the decree, become residents of this State.

6. HABEAS CORPUS—*when not available to change custody of child.* If parents continue to live in the State where the decree of divorce was granted, the custody of their child as fixed in that decree will not be interfered with in habeas corpus instituted in this State by one parent to secure the child from the other.

7. DIVORCE—*procedure to change custody of child under decree of another State.* A bill in equity is more appropriate than habeas corpus to determine whether the custody of a child as fixed in a divorce decree of another State should be altered by the courts of this State.

8. DIVORCE—*matters to be considered in determining change of custody of children.* While in determining whether the custody of a child fixed by a divorce decree of another State should be altered the primary question is the best interests of the child, it is not the sole question; the fact that the custody was awarded by the foreign decree to the father for ten months of the year and that he had taken care of the child since it was two years of age should also be considered.

Error by plaintiff to the Circuit Court of Cook county; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Reversed and remanded. Opinion filed March 2, 1927. Rehearing denied March 15, 1927.

WHEELOCK, NEWEY & MACKENZIE, for plaintiff in error.

DARROW, SMITH, CRONSON & SMITH and CHURCH, McMURDY, HARPEL & WAGNER, for defendants in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error Frances Crofts seeks to reverse a judgment of the circuit court of Cook county dismissing her petition for a writ of habeas corpus, the purpose of which was to obtain the custody of her 4-year-old son from Conant Wait, the father of the child and Ada Wait, the grandmother of the child.

The record discloses that in 1923 the defendant Conant Wait and his then wife Frances Wait, now the relatrix Frances Crofts, together with their child, Conant Wait, junior, being then less than two years of age, lived in Ohio; that he filed a suit for divorce against her in that State; that the case was tried, both parties being present in court and represented by counsel and on April 17, 1923, the common pleas court of Crawford county, Ohio, dissolved the marriage and awarded the custody of the minor child to the father, subject to the right of the mother to visit the child at all reasonable times. The decree further provided that the mother might have possession of the child for a period of two months in every calendar year after the year 1923, upon giving satisfactory evidence to the court that the child would be returned to his father, the complainant in the divorce suit. The decree found that the defendant, the mother of the child, had been guilty of "gross neglect of duty toward plaintiff as in said petition set forth." Afterwards on May 1, 1923, an order was entered by the court of common pleas of Crawford county, Ohio, amending the divorce, wherein it is stated that the plaintiff or complainant, Conant Wait, spends a portion of his time with his parents and that he be authorized to leave the child in the possession of his

parents and that while there, the child might be considered to be in the custody of his father. And it was further provided "that the orders herein made as to the custody of said child continue until further order of this court." It further appears from the record that on July 26, 1924, the relatrix, the mother of the child, petitioned the common pleas court of Crawford county, Ohio, for leave to take the child for two months as provided in the decree of divorce, and an order was entered as prayed for; that on July 6, 1925, a similar application was made by the mother of the child, and a like order entered by that court.

After the divorce all the parties moved to Cook county, Illinois, and are domiciled in this State. In April, 1925, the mother of the child again married and is now living with her husband in their home in Cook county, Illinois, and in October, 1925, she filed the habeas corpus proceeding now before us seeking to obtain possession of the child, who is now about four years old. In her petition she alleged that the defendants, the father and grandmother of the child, detained the child by reason of a "pretended decree of the court of Common Pleas of Crawford County, Ohio." And it was further alleged that she was now able to take care of the child and that it was for the best interest of the child that its possession be given to her.

After the issue was made up the case went to trial and the relatrix offered evidence tending to show that the decree of divorce entered by the Ohio court was void because the facts were not properly presented, although she was represented by counsel and present at the hearing. The offered evidence was excluded, and properly so, since it did not tend to show any fraud affecting the jurisdiction of the court. *Forrest v. Fey,* 218 Ill. 165. The decree of divorce could not be attacked in this collateral manner. She further

offered evidence tending to show that she was now in a position, having remarried and established a home, to properly care for the child. The court held this evidence inadmissible and it was excluded, and the court further held that the only evidence he would consider was such as would tend to show that the father of the child had become unfit to take care of the child since the entry of the decree of divorce in Ohio. Apparently the relatrix had no evidence that would tend to show that the father was not a proper person to have the custody of the boy.

We are of the opinion that the court should have admitted the evidence offered by the relatrix tending to show that her position and condition had improved since the decree of divorce was entered. We are also of the opinion that any evidence as to the condition of the relatrix and her former husband as well as of the child is admissible as tending to show changed conditions subsequent to the time the divorce decree was entered.

The decree of divorce entered in Ohio was not *res adjudicata* as to the custody of the child. That decree as amended shows that the custody of the child was awarded to the father until the further order of that court. Moreover in the absence of any showing as to the provisions of the Ohio law, it will be presumed that it is the same as the law of this State touching the custody of children in a divorce proceeding. After a divorce decree in this State, the custody of children is always subject to the order of the court which entered the decree and may be changed from time to time as conditions warrant. The primary consideration is the best interest of the. child. In this case we give full faith and credit to the decree of the Ohio court. But since the parties are all now living in this State, the Ohio court is without jurisdiction to make any order touching the custody of the child, and we are, as near

as can be done, but carrying out the provisions of the decree when we hold that the custody may be changed according to the facts occurring after the divorce, if the best interests of the child require that it be done. That the courts of this State have such power under the facts as disclosed by the record, is sustained by the following authorities. 9 R. C. L. § 293, p. 477; 15 R. C. L. § 417, p. 940; 19 C. J. § 831, p. 366; *In re Alderman,* 157 N. C. 507; *State ex rel. Aldridge v. Aldridge,* 163 Minn, 435; *Milner v. Gatlin,* 139 Ga. 109; *Milner v. Gatlin,* 143 Ga. 816; *Kenner v. Kenner,* 139 Tenn. 211; *In re Ashley,* 113 Ore. 43; *People ex rel. Hickey v. Hickey,* 86 Ill. App. 20; *In re Bort,* 25 Kan. 308; *Seelye v. Seelye,* 30 App. Cas. D. C. 191. Of course if the parties were still living where the divorce was granted habeas corpus would not lie, but they would be required to go before the court which granted the divorce for any order that would change the custody of the child. *People ex rel Hanawalt v. Small,* 237 Ill. 169.

Although the question is not mentioned or discussed, nor was it considered in the trial court, yet we think we ought to say that in our opinion a bill in equity would seem to be a more appropriate proceeding in the instant case than a petition for a writ of habeas corpus. Equity may afford a more adequate remedy. That a court of equity has jurisdiction to determine the custody of a minor child where its parents have been divorced, has been decided by the Supreme Court of this State in the case of *Cowls v. Cowls,* 3 Gilm. (8 Ill.) 435. In that case the parents of the child in question had been divorced and the former wife filed a bill in equity against her late husband to obtain the custody of their children and for a reasonable allowance for their support, and it was held that the bill would lie. The opinion in that case was written by Judge Caton, and it is there said (p. 437): "The

power of the Court of Chancery to interfere with and control, not only the estates but the persons and custody of all minors within the limits of its jurisdiction, is of very ancient origin, and cannot now be questioned." And in support of this, Story on Equity Jurisdiction is cited. The court there said that our statute which provides for a decree touching the custody and support of minor children in a divorce proceeding confers no new authority or jurisdiction upon the court in such matters. Other authorities to the same effect are. 31 C. J. p. 993, §12; *Murphree v. Hanson,* 197 Ala. 246. The instant case is to be distinguished from the case of *Thomas v. Thomas,* 250 Ill. 354, where it was held that an original bill would not lie by a husband or wife against the other for the sole purpose of obtaining the custody of their children. In that case there was no divorce while in the instant case the parties had been divorced by a decree of the Ohio court and have since moved to and are residing in this State and the child is residing with his father here. The Ohio court has no jurisdiction but the matter is solely for the courts of this State.

While in the instant case the primary question is, Is it for the best interests of the child that his custody be given to the mother? Yet, obviously this is not the sole question, but the court on the hearing should take into consideration the fact that the Ohio court granted the father of the child the divorce on account of the fault of the mother and gave him the custody of the child for 10 months of each calendar year, granting the mother the right to have the child for two months of each year upon a proper showing; and that the father has taken care of the child since the child was about two years old. These and other matters as may be disclosed by the evidence will be important in determining whether the custody of the child should be changed.

The judgment of the circuit court of Cook county is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

TAYLOR, P. J., and THOMSON, J., concur.