(No. 39162.—

THE PEOPLE *ex rel.* ARTHUR J. LEHMAN, Appellee, *vs.* CONSTANCE R. LEHMAN, Appellant.

*Opinion filed January 25, 1966.—Modified on denial of rehearing March 23, 1966.*

DANIELS AND JOHNSON, of Chicago, for appellant.

PEREGRINE, STIME & HENNINGER, of Wheaton, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In this *habeas corpus* action the circuit court of Du Page

County awarded the custody of Tina Lehman, now ten years old, to the petitioner, Arthur J. Lehman, the child's father. The respondent, Constance R. Lehman, the child's mother and the former wife of the petitioner, has appealed directly to this court. The issue that is now before us concerns the orderly allocation of jurisdiction among the circuit courts of this state.

. When the parties were divorced in South Carolina in 1963, the Domestic Relations Court of Sumpter County, South Carolina, awarded custody of the child to her mother. In March of 1964, however, the court ordered the child's custody transferred to her father, and adhered to that determination in its order of September 8, 1964. On November 21, 1964, while the child was in the care of her mother under visitation privileges granted by the court, the mother took the child from South Carolina in violation of the court's decree. She brought the child to Illinois, her own former home, and enrolled the child in school in Bensenville in Du Page County. Shortly thereafter, the father followed them to this state.

On December 14, 1964, the mother filed an action in the circuit court of Cook County, asking that the child's custody be transferred to her. Her complaint alleged that she and the child were residents of Cook County and that the requested change in custody was justified by circumstances that had arisen after the most recent order of the South Carolina court. On December 15, 1964, the circuit court of Cook County issued an *ex parte* temporary injunction, forbidding the father from interfering with the child's custody until further order of the court. On December 17, 1964, copies of the temporary injunction were mailed to the father's attorneys, both in Illinois and in South Carolina.

On December 30, 1964, summons in the Cook County action was served upon the father. On December 29, 1964, the *habeas corpus* action that is now before us was filed in the circuit court of Du Page County. The writ was returned

on December 30, the same day that the summons was served in the Cook County proceedings. The record does not reveal in which lawsuit service of process was first effected. The mother filed a motion to dismiss the *habeas corpus* petition on the ground that a prior action was pending between the parties, (Ill. Rev. Stat. 1963, chap. 110, par. 48(1)(c),) but the circuit court of Du Page County denied the motion. After hearing evidence, that court found that the allegations of residence in the Cook County complaint were false and fraudulent; that when the action was filed in Cook County the mother and child were residents of Du Page County; "and that therefore the circuit court of Cook County had no jurisdiction to enter said order and the same is hereby declared to be null and void." The court ordered that custody of the child be relinquished to the father. The central issue presented on this appeal is whether the circuit court of Du Page County was correct in overruling the motion to dismiss, or whether the action in Du Page County should have abated because of the pendency of the Cook County action.

In the trial court the Cook County proceeding was disregarded solely because the allegations of residence in the complaint filed in that court were found to be false and fraudulent. To support the judgment upon appeal, the further contention is advanced in this court that the Cook County proceeding was "not recognized nor sanctioned by any law of this state." We turn first to a consideration of that contention, which is based upon *Thomas* v. *Thomas*, 250 Ill. 354, decided by this court in 1911. The court there held that a cross-bill which sought only that the court determine the custody of minor children whose parents were still married could not be maintained. In the course of its opinion, the court used language which strongly implied that apart from actions of *habeas corpus*, jurisdiction with respect to matters of child custody was limited to that granted by statute.

A reading of the *Thomas* case without regard to the procedural situation before the court would, however, render it inconsistent with the prior case of *Cowles* v. *Cowles,* 8 Ill. 435, in which this court permitted a custody suit between parents who had been divorced. It is true that the *Cowles* opinion does not reveal whether the trial court had issued the original divorce decree, so that its jurisdiction might have been sustained under the Divorce Act. (Rev. Laws of 1827, par. 6, p. 182; Ill. Rev. Stat. 1963, chap. 40, par. 19.) Rather than base its decision on the statute, the court declared that the Divorce Act had added nothing to the ancient power of courts of equity to determine custody cases. It upheld the decree of the trial court on the basis of "the power of the court of Chancery to interfere with and control, not only the estates but the persons and custody of all minors within the limits of its jurisdiction * * *." 8 Ill. at 437.

The present contention is that statutory authority to resolve custody disputes in actions for divorce, actions for separate maintenance, and actions under the Family Court Act, (Ill. Rev. Stat. 1963, chap. 40, par. 19; chap. 68, par. 22; chap. 23, par. 2006,) coupled with the power to hear *habeas corpus* actions, represents the full extent of the judicial power of this state in custody matters. If this contention were correct, a parent who retained control over his child and who therefore could not bring *habeas corpus,* would lack any judicial means for establishing his right to custody in two important situations: first, when his marriage had been terminated by annulment rather than divorce, and second, when the divorce decree was entered in another state. Yet child custody is an area in which emotions of the most basic sort are deeply involved; in such an area, the social reasons for the creation of the courts have their clearest application.

The *Thomas* case involved the peculiar fact that the parties to the action were still married. The court empha-

sized that the Divorce Act confers jurisdiction to award custody "when a divorce shall be decreed" (Ill. Rev. Stat. 1963, chap. 40, par. 19,) and the court's holding was repeatedly phrased in terms of the inability of a husband and wife to litigate over the upbringing of their children. In view of this language in the *Thomas* case, the precedent existing when it was decided, and the necessity for some judicial remedy in custody disputes between divorced parents, or those whose marriage has been annulled, it is not surprising that the appellate courts have held the *Thomas* decision inapplicable to situations in which the parties to a custody suit were no longer married. *Cardenas* v. *Cardenas,* 12 Ill. App. 2d 497; *Parker* v. *Parker,* 335 Ill. App. 293; *People ex rel. Crofts* v. *Wait,* 243 Ill. App. 367.

It does not appear from the documents before us which court's process was served first, but for the purpose of this case we shall assume that personal jurisdiction over both litigants was first secured in the Du Page County action. We shall further assume that without personal jurisdiction of the parties, the Cook County court would have been unable to grant the relief that the mother sought. (See *May* v. *Anderson,* 345 U.S. 528, 97 L. ed. 1221.) Even under these hypotheses, however, we do not agree that the court in Du Page County could ignore the pendency of the Cook County action between the same parties.

Section 48 of the Civil Practice Act provides for the dismissal of an action upon motion upon the ground that "there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1963, chap. 110, par. 48(1)(c).) The purpose of the provision is to foster orderly procedure by preventing a multiplicity of actions. The pendency of an action might be determined by the date upon which the complaint is filed, the date upon which summons is issued, or the date upon which the court acquires jurisdiction over the parties. None of these alternatives is entirely satisfactory, but so long as both actions are

brought in Illinois the choice between the competing rules was made in section 13 of the Civil Practice Act which provides: "Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint." (Ill. Rev. Stat. 1963, chap. 110, par. 13.) If the plaintiff fails to show reasonable diligence to obtain service of process, Rule 4 of the Rules of this court provides for dismissal of the action upon motion of a defendant or on the court's own motion. (Ill. Rev. Stat. 1963, chap. 110, par. 101.4; see *Department of Public Works and Buildings* v. *Lanter,* 413 Ill. 581, 594; *Vukovich* v. *Custer,* 415 Ill. 290, 294.) We are aware of no provisions of statute or rule that would indicate that the pendency of an action is to be determined otherwise than by the filing of the complaint.

The circuit court of Du Page County disregarded the Cook County action. It held that "the circuit court of Cook County had no jurisdiction" and that its order awarding temporary custody to the mother was "null and void." It did so on the ground that the mother's allegations of residence in Cook County were false and fraudulent. As we have held, jurisdiction over the mother's action did not depend on the Divorce Act, whose venue provisions declare that actions must be brought in the county where either the plaintiff or the defendant resides. (Ill. Rev. Stat. 1963, chap. 40, par. 6.) It rested instead on the long-standing power of courts of equity to resolve child custody disputes. But we are of the opinion that even if the mother's residence in Cook County was a material element of the equitable action which she brought, (*cf.* Ill. Rev. Stat. 1963, chap. 110, par. 5,) the objections to the Cook County complaint should have been presented to the Cook County court.

In *People ex rel. Bradley* v. *McAuliffe,* 24 Ill.2d 75, a divorce action was filed in the circuit court of Williamson County. The defendant was served, but did not appear. Instead she filed an action for divorce in the village court of Maywood. The Williamson County court granted a divorce.

and its decree found that the husband was a resident of Williamson County. Thereafter he moved to dismiss the action pending in the village court of Maywood. That court heard evidence concerning his residence, denied his motion, and entered an order vacating and setting aside the decree of the circuit court of Williamson County. The plaintiff brought an original *mandamus* action in this court to compel the judge of the village court of Maywood to expunge his order.

This court awarded a writ of *mandamus* which directed the respondent judge "to vacate the order purporting to vacate and set aside the decree of the circuit court of Williamson County, and to dismiss the divorce proceeding * * * now pending before him." We said: "The village court of Maywood, on collateral attack of the Williamson County decree, was bound by the record of the circuit court and had no authority to go behind the record to make its independent determination of whether or not the circuit court had jurisdiction." 24 Ill.2d at 81.

On the face of the record of the Cook County action, which was attached to the motion to dismiss the *habeas corpus* action, there was no jurisdictional defect. The orderly administration of justice does not permit one court of this state to ignore an action pending in another court of this state. The result which the father sought could have been achieved as well in the Cook County action. In *Leonard* v. *Bye,* 361 Ill. 185, this court held that a plea of prior jurisdiction could not be answered by an allegation that the first lawsuit had been brought under an unconstitutional statute. The constitutional objection, the court held, should have been presented to the court in which the first action was pending. We believe that the reasoning of *Leonard* v. *Bye* and of *People ex rel. Bradley* v. *McAuliffe* applies to the father's claim that the allegations of residence in the Cook County complaint were fraudulent. The claim, even if relevant, should as a matter of orderly

procedure have been presented to the circuit court of Cook County.

For the first time in his petition for rehearing, the father argues that the doctrine of prior jurisdiction does not apply to *habeas corpus* proceedings. He maintains that "habeas corpus is an extraordinary remedy taking precedence over all other forms of action" and that "notwithstanding the prior filing of the Cook County complaint * * * the Du Page County Circuit Court had no right to defer the hearing in the Habeas Corpus matter to the Cook County Court proceedings." In support of this contention two decisions are relied upon, one rendered by this court in 1890 and the other by the appellate court in 1930.

In the earlier case, *Matson* v. *Swanson*, 131 Ill. 255, a judgment debtor had been seized by the sheriff of Cook County under a *capias ad satisfaciendum*. He brought an action of *habeas corpus,* and the circuit court ordered his release, pending the hearing, upon a recognizance bond running to the sheriff. The judgment debtor failed to appear at the hearing, and the sheriff brought an action against the sureties on the recognizance. The sureties defended on the ground that the sheriff had no authority to release a person who was in custody pursuant to a final judgment, and that the recognizance had therefore been executed for an invalid consideration. The court rejected this contention and said: "[H]owever erroneous the order to issue the writ of *habeas corpus* and admit to bail, it was not void; and the sheriff had no discretion, but was bound to obey the writ when he received it, and to admit the petitioner to bail when he tendered the prescribed bond. The moment the sheriff received the writ of *habeas corpus,* the custody of the petitioner by virtue of the writ of *capias ad satisfaciendum,* terminated, and his custody, by virtue of the writ of *habeas corpus,* began, because the authority of all other writs gives way and yields to the authority of that writ." (131 Ill. at 264.) No interference with pending litigation had been

threatened in the *Matson* case, and no issue of prior juris-
diction was involved.

In *People ex rel. Frentz* v. *Frentz*, 256 Ill. App. 259, a
majority of the appellate court, over the dissent of Mr.
Justice Wilson, applied the language of the *Matson* opinion
to an entirely different factual situation. A father brought
an action of *habeas corpus* to recover the custody of his
daughter. The respondents, grandparents of the child, had
previously filed a petition for her adoption in the county
court of Cook County. Before any hearing was held in the
*habeas corpus* action, a decree of adoption was entered by
the county court. The grandparents urged that this decree
was *res judicata*. The appellate court rejected this conten-
tion. It held that because the petition for adoption did not
meet the statutory requirements, the county court had no
jurisdiction to entertain the adoption proceeding. Although
no further discussion was necessary, the court also declared:
"In *Matson* v. *Swanson*, 131 Ill. 255, it was held that the
authority of all other writs must yield to the authority of
the writ of *habeas corpus*; * * *. By parity of reasoning
the writ in the adoption proceeding, sued out of the county
court, should have yielded to the writ of *habeas corpus*, and
it was a breach of judicial duty under the *habeas corpus* act
for the judge to continue, against the protest of the relator,
the hearing of the *habeas corpus* proceeding and to thereby
allow the county court to proceed to decree in the adoption
proceeding, * * *." 256 Ill. App. at 266.

If the appellate court meant to rule that the doctrine of
prior jurisdiction was inapplicable to *habeas corpus* pro-
ceedings, its decision was contrary to an earlier decision of
the same court and to an earlier decision of this court. In
*Hamerick* v. *People ex rel. Real*, 126 Ill. App. 491, the
appellate court held that the trial court should have dis-
missed a *habeas corpus* action because another court had
previously assumed jurisdiction under the Family Court
Act to determine the custody of the child. Similarly, in

*People ex rel. Hanawalt* v. *Small,* 237 Ill. 169, this court ruled that *habeas corpus* was not an appropriate remedy for securing the custody of a child when a divorce court had retained continuing jurisdiction.

We decline to accept the proposition urged upon rehearing. When the only function to be performed by a writ of *habeas corpus* is to remove litigation from a court that already has jurisdiction of it, we see no reason to accord a conceptualistic supremacy to a *habeas corpus* action. The issues that must be determined in a child custody case are the same whether the proceeding is labeled *habeas corpus* or bears some other label. Witnesses can not testify more quickly, nor can a trial judge reach his decision more readily because the proceeding bears the label *habeas corpus.* No useful purpose would be served by the adoption of a doctrine so disruptive of orderly procedures.

This case does not involve any question of the faith and credit due to the custody decree of a sister state, nor does it require us to determine whether the child would best be served by granting custody to her mother or her father. The proper forum for the litigation of those issues was the circuit court of Cook County, and its proceedings are not, at this point, before us for review.

The judgment of the circuit court of Du Page County is therefore reversed.

*Judgment reversed.*