ENERGY COOPERATIVE, INC., Plaintiff-Appellant, *v.*
NORTHERN ILLINOIS GAS COMPANY, Defendant-Appellee.

Third District   No. 80-520

Opinion filed February 19, 1981.—Rehearing denied April 6, 1981.

Samuel A. Haubold, of Kirkland & Ellis, Michael T. Reagan, of Hupp, Irion & Reagan, of Ottawa, and Eugene W. Hayes, of Dunn & Hayes, of Morris, for appellant.

George V. Bobrinskoy, Jr., of Mayer, Brown & Platt, of Chicago, and August B. Black, of Black & Black, of Morris, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal from an order of the circuit court of La Salle County dismissing the complaint filed by plaintiff, Energy Cooperative, Inc. (hereinafter referred to as ECI), against defendant Northern Illinois Gas Company (hereinafter referred to as NI-Gas) pursuant to section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c)). For the following reasons, we affirm.

The facts pertinent to an understanding of the issues raised in the instant appeal are relatively simple. In 1973, NI-Gas and Atlantic Richfield entered into a long-term naptha supply contract. Several years later, in 1976, ECI assumed Atlantic Richfield's rights and obligations under this contract. On February 29, 1980, NI-Gas informed ECI by letter that it was terminating its contract with ECI as of the close of business on March 31, 1980, and that accordingly ECI should cease delivery of naptha to NI-Gas at that time.

On March 17, 1980, NI-Gas filed a complaint for declaratory judgment in the circuit court of Grundy County against ECI. In its complaint NI-Gas sought a determination that a drastic change of circumstances justified its decision to terminate the contract with ECI. Subsequently, on June 23, 1980, ECI filed a $230 million breach of contract action in La Salle County against NI-Gas based upon NI-Gas' alleged wrongful termination of the naptha supply contract per the February 29 letter. Both the circuit court of La Salle County and the circuit court of Grundy county are in the Thirteenth Judicial Circuit. Four days later, NI-Gas moved to dismiss ECI's breach of contract action pursuant to section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c)).

Before the La Salle County circuit court ruled on NI-Gas' motion to dismiss, ECI filed a motion on July 14, 1980, in the circuit court of Grundy County seeking dismissal of NI-Gas' declaratory judgment action, or, alternatively, either a stay of the Grundy County action pending termination of the La Salle County breach of contract suit or a transfer of the declaratory judgment action to La Salle County for purposes of consolidation with the breach of contract action. ECI renewed its motion following NI-Gas' amending of its declaratory judgment complaint on July 22. NI-Gas' amended complaint added an additional defense to liability under the contract.

On September 4, 1980, the circuit court of Grundy County denied ECI's motion to dismiss, stay or transfer the Grundy County declaratory

judgment action. Following the denial of its motion, on September 11, ECI filed with the court notice of interlocutory appeal pursuant to Supreme Court Rule 307 (Ill. Rev. Stat. 1979, ch. 110A, par. 307). On September 26, the circuit court of La Salle County, noting the Grundy County circuit court's denial of ECI's motion to dismiss, stay or transfer the declaratory judgment action, dismissed ECI's breach of contract suit pursuant to section 48(1)(c) of the Civil Practice Act. On September 29, ECI filed notice of appeal from this order (Ill. Rev. Stat. 1979, ch. 110A, par. 301). That same day it filed a motion in this court to consolidate the interlocutory appeal from Grundy County (No. 80-481) with the instant appeal from the order of the circuit court of La Salle County. Prior to this court's decision of ECI's motion to consolidate, ECI filed a counterclaim in the circuit court of Grundy County which is substantially identical to its dismissed breach of contract complaint.

On October 8, 1980, this court denied ECI's motion to consolidate the appeals, but did not stay the Grundy County declaratory judgment action pending disposition of this appeal from the La Salle County circuit court's order of September 26. Accordingly, we will concern ourselves here with only the propriety of the order of the circuit court of La Salle County dismissing ECI's breach of contract complaint.

Section 48(1)(c) of the Civil Practice Act provides that a defendant may, within the time for pleading, make a motion to dismiss the action on the grounds that "there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c).) At the time defendant NI-Gas made its motion to dismiss the La Salle County action pursuant to section 48(1)(c), there were indeed two actions pending between NI-Gas and ECI involving the same subject matter, *i.e.,* the naptha supply contract. The first was the declaratory judgment action filed by NI-Gas on March 17, 1980, in the circuit court of Grundy County in which it sought a declaration of its rights under the naptha supply contract with ECI that was allegedly breached by way of NI-Gas' anticipatory repudiation on February 29, 1980. The second was the breach of contract action filed by ECI against NI-Gas in the circuit court of La Salle County on June 23, 1980. The declaratory judgment action was still pending when the La Salle County circuit court was considering NI-Gas' motion to dismiss, due to the fact that plaintiff's motion to dismiss, stay or transfer the Grundy County declaratory judgment suit was denied on September 4, 1980. Under these facts, the circuit court of La Salle County dismissed ECI's breach of contract complaint which was the later filed of the two actions involving the naptha supply contract.

In contending that the action taken by the court below was erroneous, ECI directs our attention to the recent supreme court case of *A. E. Staley*

*Mfg. Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23. Because *Staley* is the most recent supreme court case dealing with section 48(1)(c), it merits some detailed analysis.

In *Staley*, the plaintiff Staley purchased from defendant Swift a soybean processing plant in Iowa which was then under construction. Under the terms of the purchase agreement, Swift was to complete construction of the plant. On September 12, 1977, Swift filed suit against Staley in Iowa to obtain the money retained by Staley to secure construction of the plant. Later that same day, Staley filed suit against Swift in the circuit court of Macon County, Illinois, seeking damages arising from Swift's failure to complete the plant's construction. Swift subsequently moved to dismiss the Macon County action under section 48(1)(c) of the Civil Practice Act. The circuit court, finding the fact that Swift's Iowa filing preceded the filing of the Macon County suit compelled dismissal of the Macon County action, granted Swift's motion. On appeal, the appellate court reversed and remanded (*A. E. Staley Mfg. Co. v. Swift & Co.* (1980), 80 Ill. App. 3d 122, 399 N.E.2d 339), holding that the trial court erred in failing to exercise its discretion in ruling upon Swift's dismissal motion.

On appeal to the supreme court, the appellate court was affirmed insofar as it held that section 48(1)(c) of the Civil Practice Act did not mandate the dismissal of the subsequently filed action:

"The purpose of section 48(1)(c) is to avoid duplicative litigation (*People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 255; *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 290), and the trial court's analysis should be geared toward effectuating that purpose. Nothwithstanding this policy, however, we do not believe that the legislature intended that the filing of a section 48(1)(c) motion should result in automatic dismissal or that two separate actions concerning the same subject matter could never proceed simultaneously. The more reasonable construction is that the circuit court possesses some degree of discretion in ruling upon the motion and that *multiple actions in different jurisdictions*, but arising out of the same operative facts, may be maintained where the circuit court, in a sound exercise of its discretion, determines that both actions should proceed (Restatement (Second) of Conflict of Laws sec. 86 (1971)). The circuit court here felt that it had no discretion in this matter and therefore failed to conduct an appropriate analysis of the situation." (Emphasis added.) (84 Ill. 2d 245, 252-53, 419 N.E.2d 23, 27.)

As we have noted by emphasizing the language used by the supreme court in the above passage, the court made it clear in *Staley* that the

factors applied by the trial court in deciding a section 48(1)(c) motion put in a case involving pending intrastate actions are markedly different from those weighed by the court in determining the same motion made in a case involving pending interstate suits. In distinguishing two cases relied upon by Swift (*People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 357 N.E.2d 534; *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 215 N.E.2d 806), the supreme court observed that those cases "involved the pendency of two actions in different counties in Illinois, and the court's concern in those cases was for the orderly administration of justice within the same jurisdiction, Illinois. Such a matter is one over which the court understandably could and should exercise greater control and guidance, as opposed to a situation such as that presented here, in which a legitimate and substantial relationship of the litigation to Illinois has been demonstrated and in which the other action pending is in the court of a sister State, over which this court has no say." (84 Ill. 2d 245, 255, 419 N.E.2d 23, 28.) Therefore, in accordance with the views expressed by the supreme court in *Staley*, in resolving this case we will be guided by previous cases in which the propriety of a section 48(1)(c) motion in the context of pending intrastate actions was in issue.

■■■ As pointed out by the supreme court in *Staley*, efficient and orderly administration of justice and avoidance of multiple and duplicative actions are the primary concerns of the trial court in deciding whether to grant a section 48(1)(c) motion to dismiss one of two or more pending intrastate actions (*People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 357 N.E.2d 534; *People ex rel. East Side Levee & Sanitary District v. Madison County Levee & Sanitary District* (1973), 54 Ill. 2d 442, 298 N.E.2d 177; *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 215 N.E.2d 806; *Gerber v. First National Bank* (1975), 30 Ill. App. 3d 776, 332 N.E.2d 615). It is well settled that the pendency of an action is determined by the filing date of the complaint (*Lehman; Gerber*). Further, "[t]he orderly administration of justice does not permit one court of this state to ignore an action pending in another court of this state." (*Lehman*, 34 Ill. 2d 286, 292, 215 N.E.2d 806, 810; *Phillips Petroleum Co.*) In light of the foregoing, we do not believe the circuit court of La Salle County erred in dismissing ECI's breach of contract action. The action taken by the circuit court of Grundy County in denying ECI's motion to dismiss, stay or transfer NI-Gas' declaratory judgment suit resulted in the very situation that section 48(1)(c) is designed to remedy, *i.e.*, two actions pending in different Illinois courts involving the same parties and subject matter. The denial of NI-Gas' section 48(1)(c) motion in La Salle County would maintain the status quo and clearly be inimical to those concerns which the supreme court has repeatedly expressed. Judicial efficiency

and economy, as well as decreased litigation costs, can best be achieved by litigating all issues in one action in one court. The first step in this direction was taken by ECI when, following the La Salle County circuit court's granting of NI-Gas' motion to dismiss, it filed a counterclaim in the Grundy County circuit court virtually identical to its breach of contract complaint.

If, as has been suggested by at least one court, the proper procedure to be followed by the Grundy County circuit court would be to proceed with ECI's counterclaim before hearing NI-Gas' declaratory judgment action (see *Corbetta Construction Co. v. Lake County Public Building Com.* (1978), 64 Ill. App. 3d 313, 381 N.E.2d 758), all ECI has lost by the dismissal of its breach of contract action is having La Salle County as the forum in which the merits of its complaint are to be litigated. ECI has argued at length before this court that a plaintiff cannot be deprived of its choice of forum through the utilization of the declaratory judgment procedure, relying primarily upon language used by the supreme court in *Howlett v. Scott* (1977), 69 Ill. 2d 135, 143-44, 370 N.E.2d 1036, 1039, "Normally, a declaration of nonliability for past conduct is not a function of the declaratory judgment statute [citation], for in those cases a potential defendant's institution of a declaratory action deprives the potential plaintiff of his right to determine whether he will file, and, if so, when and where." This argument, however, goes solely to the propriety of the Grundy County action. It certainly is not relevent to the only issue before this court, *i.e.*, was the dismissal of ECI's breach of contract complaint against NI-Gas proper under section 48(1)(c) of the Civil Practice Act, an issue which we have resolved in NI-Gas' favor. Consequently, we will not reach the merits of ECI's *Howlett*-based argument here.

For the foregoing reasons, we affirm the order of the circuit court of La Salle County.

Affirmed.

STOUDER and HEIPLE, JJ., concur.