WILLIAM DOBBS *et al.*, Plaintiffs-Appellants, *v.* ROBERT CHASE, Chief Circuit Judge of the First Judicial Circuit, *et al.*, Defendants-Appellees.

Fifth District    No. 79-452

Opinion filed March 16, 1981.—Rehearing denied April 20, 1981.

Robert P. Schulhof, of Robert P. Schulhof & Associates, of Carbondale, for appellants.

William G. Schwartz, State's Attorney, of Murphysboro, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

The plaintiffs brought this suit in the Circuit Court of Jackson County seeking to maintain a class action for a declaration that a rule of the First Judicial Circuit was invalid in requiring payment of jury fees in civil actions other than small claims. The plaintiffs also sought an injunction against assessment of the fees and the return of fees already collected. Plaintiffs appeal from the judgment of the court, Judge Albert W. McCallister of the Second Judicial Circuit sitting by designation, that the class action could not be maintained and dismissing all defendants. The defendants were Robert Chase, chief judge of the first circuit, and the circuit clerks of the nine counties within the circuit.

In their complaint, the named plaintiffs alleged that they and members of the class sought to be certified had been required to pay jury fees *pursuant to the circuit rule.* They alleged that the rule had not been approved by the Administrative Office of the Illinois Courts as required by section 27.1(v) of "An Act to revise the law in relation to clerks of courts" (Ill. Rev. Stat. 1979, ch. 25, par. 27.1(v)). The complaint contained conclusory allegations of the four prerequisites for maintenance of a class action, as provided in section 57.2 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57.2). The single count of the complaint also contained the allegation that "* * * said jury fee has a chilling effect on the parties' right of demand a [*sic*] trial by jury, especially in those matters of a quasi-criminal nature."

Administrative Rule 1.7(f) of the First Judicial Circuit, which became effective May 1, 1978, provided as follows:

> *"Jury Fees.* The Clerks of the Circuit Court in all counties of the First Judicial Circuit of Illinois shall be paid the sum of $50.00 for a jury of twelve and $25.00 for a jury of six as a fee for the services of a jury in every civil action, except in small claims, in every equitable action wherein the right of trial by jury is or may be given by law, and in every action brought to enforce violations of ordinances enacted by a unit of local government.
>
> A party demanding a jury of twelve after another has paid the applicable fee for a jury of six shall pay the remaining one-half of the fee applicable to a jury of twelve. The jury fee shall be paid by the party demanding a jury at the time of filing the jury demand. If such fee is not paid by either party, no jury shall be called in the action, suit or proceedings, and the same shall be tried by the Court without a jury. No fee provided for herein shall be charged to any unit of State or local government or school district, unless the Court orders another party to pay such fee on its behalf."

The fees to be collected by circuit clerks in counties with a population of a million or less are provided for in section 27.1 of "An Act to revise the law in relation to clerks of courts" (Ill. Rev. Stat. 1979, ch. 25, par. 27.1). Section 27.1(v) provided that "[a]ny fees not covered by this Section shall be set by rule or administrative order of the Circuit Court, with the approval of the Administrative Office of the Illinois Courts." The section made no provision for a fee for demanding a jury trial.

Effective January 1, 1980, section 27.1 was amended to add subsection (d)(5), as follows:

> "The Clerk of the Circuit Court shall be entitled to receive, in addition to other fees allowed by law, the sum of $50, as a fee for the services of a jury in every civil action not quasi-criminal in its nature and not a proceeding for the exercise of the right of eminent domain, and in every equitable action wherein the right of trial by jury is or may be given by law. The jury fee shall be paid by the party demanding a jury at the time of filing his jury demand. If such a fee is not paid by either party, no jury shall be called in the action, suit or proceeding, and the same shall be tried by the court without a jury." Ill. Rev. Stat., 1979 Supp., ch. 25, par. 27.1.

Judge Chase filed a special appearance objecting to jurisdiction over his person under section 20 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 20). The court found that it did not have jurisdiction over the person of Judge Chase and dismissed him as a defendant.

Subsequently, upon the motion to certify the plaintiffs as class representatives and motions to dismiss filed by the circuit clerks, the court

found that the class action was not appropriate and dismissed the circuit clerks upon findings that they were acting in a ministerial capacity when collecting the fees and that the complaint failed to state a cause of action.

Initially, we hold that the plaintiff's request for a declaratory judgment that the circuit rule is invalid and for an injunction against assessment of jury fees under the rule has been rendered moot by the enactment of the statutory provision for jury fees effective January 1, 1980 (Ill. Rev. Stat., 1979 Supp., ch. 25, par. 27.1(d)(5)). A question is moot where it presents no actual controversy or where the issue has ceased to exist. *In re Estate of Lawson* (1976), 41 Ill. App. 3d 37, 353 N.E.2d 345.

■■ It is undisputed that the setting of circuit court fees is essentially a legislative function. (See Ill. Const. 1970, art. 7, §9(a).) Although not presented here, a question may exist as to the validity of the apparent delegation to circuit courts of fee setting power by means of section 27.1(v), even where the approval of the courts' administrative office is obtained. In any event, section 27.1(v) provides that a circuit court may set only "* * * fees not covered by this Section * * *." The enactment of the statutory jury fee provision in section 27.1(d)(5) rendered completely ineffective the circuit rule involved here. Therefore, any question of the appropriateness of a declaratory judgment and injunctive relief against the application of the circuit rule is moot.

The only surviving questions on appeal are whether class certification was properly denied and whether the complaint stated a cause of action against the circuit clerks for return of fees paid. There is no need to review the parties' contentions on the propriety of the order dismissing Judge Chase, since his presence as a defendant would necessarily relate only to the equitable relief now rendered moot.

■■■ Section 57.2 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57.2) provides that an action may be maintained as a class action only if the court finds that the following prerequisites have been met:

> "(1) The class is so numerous that joinder of all members is impracticable.
>
> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3) The representative parties will fairly and adequately protect the interest of the class.
>
> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy."

Section 57.3(a) of the Civil Practice Act provides that as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it may be so main-

tained. The proponent of a class action has the burden of establishing the prerequisites of section 57.2, and the trial court's determination of whether an action may be maintained as a class action will not be reversed unless the trial court has abused its discretion. *McCabe v. Burgess* (1979), 75 Ill. 2d 457, 389 N.E.2d 565, *cert. denied* (1979), 444 U.S. 916, 62 L. Ed. 2d 170, 100 S. Ct. 230.

The plaintiffs' complaint alleged "[t]hat the class of persons who have been required to pay such fee are so numerous that joinder of all members is impractical." The complaint also contained merely conclusory allegations of the other three prerequisites for maintenance of a class action under section 57.2. As part of the relief requested, the plaintiffs asked that the defendants be required to provide plaintiffs a list of names and addresses of all parties who had been illegally assessed a jury fee within the First Judicial District and a list of their respective attorneys, if any.

■■ As contended by the defendants, we believe that the plaintiffs failed to provide the court with any basis for concluding that the class was so numerous that joinder was impracticable, where the plaintiffs merely alleged this in a conclusory fashion and made no showing to support this conclusion. The plaintiffs argue that "[t]here are hundreds, possibly thousands of individuals in the nine counties of the First Judicial Circuit who have been required to pay a fee of $25.00 to $50.00 since May 1, 1978 * * *," and plaintiffs assert that they have no way of knowing who or how many these people are. However, a fee book is among the public records required to be kept by a circuit clerk. (Ill. Rev. Stat. 1979, ch. 25, par. 16.) On appeal, the plaintiffs point out that the defendants have acknowledged that the circuit rule was adopted without the required approval of the courts' administrative office. However, nowhere in the record is there an assertion or indication of how long the rule remained in effect for the circuit as a whole, or that it actually was enforced in the various counties comprising the First Judicial Circuit. We note that the plaintiffs' complaint was filed in March 1979, only 10 months after the alleged effective date of the circuit rule. Under these circumstances the named plaintiffs may not merely assert that the class is numerous in a conclusory fashion and, through their request for relief, shift to the defendants the burden of producing information to support this assertion. An allegation of the actual number of members in the class may not be necessary. However, some form of detailed information on number of persons in the class should be advanced, at least where, as here, that information is a matter of public record. Where there was no allegation or evidence adduced concerning the number of persons in the class, a determination that the class is so numerous as to render joinder impracti-

cable has been held erroneous. *David B. v. DeVito* (1980), 86 Ill. App. 3d 787, 408 N.E.2d 275.

In *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634, a plaintiff was allowed to maintain a class action for breach of contract and common law fraud against a medical school that collected $15 fees from applicants but allegedly failed to evaluate applicants according to academic criteria represented in the school's bulletin. In evaluating the propriety of the class action on review, *Steinberg* applied section 57.2 of the Civil Practice Act, which had been enacted pending appeal. The only comment on the requirement that the class be so numerous that joinder is impracticable was as follows:

> "That the class here is so numerous that joinder of all parties would be impracticable is obvious if for no reason other than economics. More than that, multiple separate claims would be an imposition on all litigants as well as the courts." (69 Ill. 2d 320, 337, 371 N.E.2d 634, 642-43.)

It is not clear what allegations or showing on this point were made by the plaintiff in *Steinberg*. Therefore, we do not read *Steinberg* to obviate any need for establishing the numerousness of the proposed class merely because the litigation involves the payment of fees small in amount, especially where, as here, particular information as to the number of potential class members is available to the plaintiff prior to the filing of the complaint.

*DeBruyn v. Elrod* (1981), 84 Ill. 2d 128, 418 N.E.2d 413, held that a class action could be maintained on behalf of all persons who had paid to the Cook County sheriff fees in connection with sales in the execution of judgments and redemptions under an unconstitutional statute. Like *Steinberg*, however, *DeBruyn* did not clearly involve an issue of whether the class was so numerous that joinder was impracticable. We note that the class was defined to include all persons who paid the illegal fees to the Cook County sheriff after the effective date of the 1970 Illinois Constitution.

Having concluded that the plaintiffs failed to establish the first prerequisite for maintenance of a class action under section 57.2 of the Civil Practice Act, we affirm the trial court's determination that the action could not be maintained as a class action. We next consider whether the case must be remanded for further proceedings on the plaintiffs' individual claims against the circuit clerks.

■■■ The defendants contend, and the trial court apparently ruled, that the circuit clerks were immune from suit for performing the ministerial function of collecting the jury fee pursuant to the circuit rule. However, it is apparent from *DeBruyn v. Elrod* that a cause of action may be

maintained against a governmental officer who collects an illegal fee in connection with court proceedings. Furthermore, there is no question of immunity under the Local Governmental and Governmental Employees Tort Immunity Act, because an action to recover moneys illegally collected by a governmental officer is not in the nature of a tort action, but of a common law action for money had and received. *People v. Meyerowitz* (1975), 61 Ill. 2d 200, 335 N.E.2d 1.

■■ The trial court also ruled that the complaint failed to state a cause of action because it did not specifically complain of any action on the part of any specific defendant and did not state whether any of the plaintiffs paid or refused to pay the fee. We must agree that the individual plaintiffs' failure to allege the county or counties where they allegedly were required to pay jury fees pursuant to the court rule resulted in a failure to state a cause of action against any of the circuit clerks. The plaintiffs have never sought to amend this obvious deficiency in their complaint. A plaintiff has no unconditional right to amend a complaint after final judgment for any purpose other than to conform the pleading to the proof. (Ill. Rev. Stat. 1979, ch. 110, par. 46(1), (3); *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326; *Evans v. Bachman* (1979), 78 Ill. App. 3d 1107, 398 N.E.2d 114.) Nor have the plaintiffs applied to amend their complaint on appeal. (Ill. Rev. Stat. 1979, ch. 110A, par. 362.) We do not think it appropriate to allow amendment on our own motion.

The judgment of the Circuit Court of Jackson County is affirmed.

Affirmed.

KASSERMAN,\* P. J., and JONES, J., concur.

---

\* Judge Kasserman replaced Judge Spomer on panel as Judge Spomer retired from bench after case was taken under advisement.