M. E. BETTS, Plaintiff-Appellee, *v.* O. W. RAY *et al.*, Defendants-Appellants.

Fifth District    No. 81-19

Opinion filed February 24, 1982.

Russell H. Classen, of Belleville, and Darrell Dunham, of Carbondale, for appellants.

Medlin, Zimmer and Medlin, of Carbondale (James R. Zimmer, of counsel), for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff, M. E. Betts, brought an action for declaratory judgment against defendants, Dr. Ray E. Dalton and O. W. Ray, in the circuit court of Jackson County. Thereafter, Betts, without notice to Dalton, obtained a preliminary injunction enjoining Dalton from proceeding with a related action against Betts in the circuit court of St. Clair County. After a

hearing, the court entered judgment denying Dalton's motion to vacate the preliminary injunction and granted a permanent injunction in favor of Betts. This appeal followed.

On September 26, 1980, Betts filed a complaint for declaratory judgment against Dalton and O. W. Ray in the circuit court of Jackson County seeking a declaration that Betts was the legal owner of a 1974 GM motor home and was entitled to a certificate of title. The complaint stated that in December 1978, Betts went to Ray's used-car lot, located in Belleville, to inquire about the purchase of a motor home. Betts and Ray negotiated for the sale of the 1974 GM motor home and on December 31, 1978, Ray delivered the motor home to Betts at his home located in Jackson County. Betts and Ray signed a bill of sale which recited that the motor home was traded for $3,000 and certain vehicles and equipment for a total purchase price of $27,000. The complaint alleged that Ray represented to Betts that he was the owner of the motor home, but that the certificate of title was located temporarily at a Belleville bank. The bill of sale stated that Ray was to deliver the title to Betts; title was not delivered.

In the complaint, Betts stated on information and belief that Dalton had engaged Ray to sell the motor home at Ray's used-car lot and that Dalton now claimed an interest in the motor home. The complaint stated that prior to purchasing the motor home from Ray, Betts did not have knowledge of Dalton's interest in the motor home.

On October 27, 1980, Dalton filed an answer to the complaint denying Betts' claim of ownership and asserting as an affirmative defense the pendency of a replevin action filed in St. Clair County on September 19, 1979, against Ray and amended to add Betts as a defendant on September 25, 1980. Thereafter, Betts filed an answer denying the allegations raised in Dalton's affirmative defense.

On November 5, 1980, the trial court found Ray in default and entered judgment against him.

On December 3, 1980, without notice to Dalton, Betts filed a motion for a preliminary injunction to prohibit Dalton, his attorney and the sheriff of Jackson County from taking any further action in and on account of the St. Clair County action for replevin. In the verified motion, Betts stated that at the time of filing the complaint for declaratory judgment in Jackson County, he had no knowledge of the pending St. Clair County action. The motion further stated that Betts was not served with process and did not receive notice of the St. Clair County action. It alleged that on December 1, 1980, a Jackson County deputy sheriff informed Betts that he was looking for the motor home because he had a writ of replevin to serve upon locating the property. The motion stated that the writ of replevin was not served on Betts. The immediate and irreparable injury alleged in the motion to result from the named parties'

conduct was the unlawful harassment of Betts and the threatened unlawful seizure of his property. The same day, after an *ex parte* hearing, the trial court granted the preliminary injunction and set the matter of the permanent injunction for hearing on December 11, 1980.

The brief record of proceedings of the hearing on December 11, 1980, indicates that the parties did not present any evidence. After argument, Dalton filed a motion to vacate the preliminary injunction. That motion was denied and the court granted the permanent injunction in favor of Betts. On January 14, 1981, Dalton filed a notice of appeal. Thereafter, the action for declaratory judgment proceeded and on April 9, 1981, the court entered judgment vesting ownership of the motor home in Betts. (We note that Dalton has appealed to this court from that judgment.) On April 13, 1981, Betts filed in this court a motion to dismiss this appeal as moot which was granted. After rehearing, the appeal was reinstated on June 23, 1981.

On appeal Dalton contends that the trial court was without jurisdiction to enjoin him from proceeding in the pending St. Clair County action which was commenced prior to the Jackson County action and that the instant appeal is not moot because the filing of the notice of appeal on January 14, 1981, divested the trial court of jurisdiction, and, therefore, the judgment entered on April 9, 1981, is null and void. Because we find that the appeal has been rendered moot, it is not necessary to resolve the issues raised by Dalton's initial contention.

■■ At the outset, we note that, contrary to the parties' interpretation of the nature of the order appealed from, the trial court's order granting the permanent injunction was a final judgment and not an interlocutory order. The order was entered after a hearing on the merits of the subject of the injunction and permanently enjoined Dalton from proceeding in the St. Clair County action. (*Statistical Tabulating Corp. v. Hauck* (1972), 5 Ill. App. 3d 50, 282 N.E.2d 524.) The trial court's order contained an express written finding that there was no just reason for delaying appeal. Although the pleadings presented issues in addition to those resolved by the injunction, that is, the merits of the declaratory judgment action, the appeal is of a final judgment pursuant to Supreme Court Rule 304 (73 Ill. 2d R. 304) and not an interlocutory appeal pursuant to Supreme Court Rule 307 (73 Ill. 2d R. 307).

■■■ Dalton's contention is based on the general rule that once an appeal has been perfected to this court, the jurisdiction of the trial court ceases. The trial court, however, retains jurisdiction to hear and determine matters arising independent of and unrelated to the subject matter on review where a supersedeas has not been perfected. (*Cygnar v. Martin-Trigona* (1975), 26 Ill. App. 3d 291, 325 N.E.2d 76.) Here, the subject matter on review was whether there was a sufficient showing to sustain the order of

the trial court granting the permanent injunction in favor of Betts. The merits of the declaratory judgment action were independent of the subject matter on appeal. The trial court had the jurisdiction to proceed to trial of the declaratory judgment action in the absence of a stay, which was never requested in the trial court or in the reviewing court. Because the trial court properly exercised its jurisdiction and proceeded to enter judgment on the declaratory judgment complaint, the instant appeal of the permanent injunction has been rendered moot.

A moot case is one which seeks to determine an abstract question or a judgment which when rendered cannot have any practical legal effect on the controversy. (*Dobbs v. Chase* (1981), 94 Ill. App. 3d 177, 418 N.E.2d 919.) The appeal in the instant case is moot because no effectual relief can be granted to Dalton assuming that the trial court wrongfully restrained him from proceeding in the St. Clair County action. Even if we were to reverse the judgment granting a permanent injunction in favor of Betts and Dalton proceeded in the St. Clair County action, the April 9, 1981, judgment in favor of Betts would be *res judicata* in the St. Clair County action. Clearly, an appellate finding in favor of Dalton on the issue of the propriety of the trial court's grant of injunctive relief cannot now have any practical legal effect on the controversy, that is, the disputed ownership of the motor home. If Dalton had obtained a stay of the pending proceedings, then the result would have been different.

The dismissal of this appeal as moot is not meant to suggest approval of the trial court's issuance of the permanent injunction, or the *ex parte* issuance of the preliminary injunction. On the contrary, we are of the opinion that the action taken by the circuit court of Jackson County was highly improper and that the permanent injunction was issued improperly. Section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c)), which appellant had no opportunity to invoke, or did not invoke, because of the *ex parte* nature of the initial proceedings in Jackson County, allows for, and may well require, the dismissal of an action where there is a prior action pending between the same parties for the same cause. (*Energy Cooperative, Inc. v. Northern Illinois Gas Co.* (1981), 93 Ill. App. 3d 884, 417 N.E.2d 1049; *Gerber v. First National Bank* (1975), 30 Ill. App. 3d 776, 332 N.E.2d 615.) (We need not here decide that the matters involved in the two proceedings involved the "same cause." See *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 203 N.E.2d 428, *cert. denied* (1965), 381 U.S. 926, 14 L. Ed. 2d 684, 85 S. Ct. 1562; *Hutter v. Lake View Trust & Savings Bank* (1977), 54 Ill. App. 3d 653, 370 N.E.2d 47.) If Betts found fault with the action pending in St. Clair County, the proper course would have been for him to bring these matters before that court by appropriate pleadings.

The motion for injunctive relief stated that Betts was being subjected

to harassment and that his property was threatened with unlawful seizure. There was no showing, however, that Dalton filed the action in St. Clair County in bad faith, such suit being commenced prior to the filing of the Jackson County action. In addition, the alleged unlawful seizure of Betts' property was premised on the fact that service of process had not been obtained on Betts in the St. Clair County action. The record, however, contained nothing to suggest that such service could not have been obtained if Dalton had not been enjoined from proceeding with the St. Clair County action.

For the foregoing reasons, the appeal from the judgment of the Circuit Court of Jackson County is dismissed.

Appeal dismissed.

KASSERMAN and JONES, JJ., concur.