(No. 45671.—
(No. 45854.—

THE PEOPLE *ex rel.* EAST SIDE LEVEE AND SANITARY DISTRICT, Petitioner, v. MADISON COUNTY LEVEE AND SANITARY DISTRICT *et al.,* Respondents.—EAST SIDE LEVEE AND SANITARY DISTRICT, Appellee, v. THE ST. CLAIR COUNTY LEVEE AND SANITARY DISTRICT *et al.*—(Mike Ebersoldt *et al.,* Appellants.)

*Opinion filed June 25, 1973.*

GOLDENHERSH, J., took no part.

KARNS, STARNES, NESTER & STEGMEYER, of Belleville (WILLIAM B. STARNES, of counsel), for petitioner.

CALVO, MATEYKA & HILL, of Granite City (HORACE L. CALVO, WILLIAM EBERSOLDT and RUSSELL ROBINSON, of counsel), for respondents.

CALVO, MATEYKA & HILL, of Granite City (HORACE L. CALVO, WILLIAM EBERSOLDT and RUSSELL ROBINSON, of counsel), for appellants.

KARNS, STARNES, NESTER & STEGMEYER, of Belleville (WILLIAM B. STARNES, of counsel), for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In December, 1972, the General Assembly adopted Public Act 77—2819 amending certain sections and adding others to "An Act to create sanitary districts in certain localities, to drain and protect the same from overflow for sanitary purposes and to provide for sewage disposal," approved May 17, 1907. (Ill. Rev. Stat., 1973 Supp., ch. 42, pars. 247, 251, 253, 254, 263, 273b-273g.) The amendatory act was approved by the Governor and became effective December 22, 1972. Affected by the added sections was the East Side Levee and Sanitary District, which had been organized pursuant to referendum under the former statutes for the purpose of serving portions of Madison and St. Clair counties, which border the Mississippi River in the southwestern part of this State. That district, embracing territory in both counties, was by the act in question divided into two separate districts, each of which would serve the territory in only one county, the county boundary line serving to divide the districts. Provision was made in the added sections of the Act for the division of property, facilities and assets of the original district.

On December 28, 1972, the original district commenced an action for declaratory judgment and injunction in the circuit court of St. Clair County seeking to have the amendatory legislation declared unconstitutional and the Governor restrained from making the appointments of trustees provided for by that legislation. A temporary restraining order was issued and the original district ordered to continue to function pending disposition of the merits of the litigation. A hearing was set for January 5 on the request for a preliminary injunction.

On January 2 a complaint for injunction was filed in the circuit court of Madison County by the not yet organized "Madison County Levee and Sanitary District" (the Madison County portion of the original district) and two of the trustees of the original district, all of whom were parties defendant to the prior action pending before the circuit court of St. Clair County. The Madison County complaint sought to restrain the depositories of the original district, the county collectors and the trustees of the "St. Clair County Levee and Sanitary District" (the St. Clair County portion of the original district) from disbursing any funds pending resolution of the legal questions stemming from the questioned legislation. Despite its knowledge of the pendency of the St. Clair County proceedings, the Madison County circuit court proceeded to enter a temporary restraining order as requested.

The Madison County circuit court subsequently denied a motion to dismiss and proceeded to enter further orders, the details of which are not relevant here. Suffice it to say that the clearly proper course of action for the Madison County court was to decline jurisdiction in light of the pending St. Clair County litigation in which precisely the same relief could have been sought. (*E.g.,* *Leonard v. Bye (1935), 361 Ill. 185; People ex rel. Lehman v. Lehman (1966), 34 Ill.2d 286.*) Additionally, we believe it appropriate to call to the Madison County court's attention the fact that its acceptance of jurisdiction and issuance of orders conflicting with those of the St. Clair County court was not only clearly erroneous, but that such action can only serve to diminish public respect for the judicial system of this State.

We thereafter allowed a motion by the original district for leave to file an original petition for *mandamus* and prohibition directed at the Madison County circuit court and the plaintiffs in those proceedings. Meanwhile the St. Clair County circuit court proceeded to a hearing on the merits of the complaint before it, and entered an order

declaring the amendatory legislation unconstitutional. The appeal from that judgment (Docket No. 45854) has been expedited by us and consolidated with the original action (Docket No. 45671) for disposition.

The arguments in the trial court and here against the validity of the 1972 enactment may be summarized as follows: (1) that it impairs the obligation of contracts; (2) that it is so vague, uncertain and internally inconsistent as to violate due-process requirements; (3) that statutes imposing local tax obligations to which local taxpayers have not assented are unconstitutional; and (4) that it is a special or local law prohibited by section 13 of article IV of our 1970 constitution. Of these contentions we need consider only the last.

It is argued in the original district's brief that "the legislation in question was designed to carve out the East Side Levee and Sanitary District into a special class and to make a special structure and special provision regarding election of trustees, division of assets, control and jurisdiction over facilities applicable to it only, as distinguished from all other sanitary districts; indeed, section 27b of the amended act refers to pumping stations to the Mississippi River to the exclusion of all other rivers in the state." With refreshing candor that brief points out that sanitary districts are among the municipal corporations to which the prohibition against local or special legislation in the 1870 constitution was held inapplicable (*People ex rel. Coutrakon v. Lohr (1956), 9 Ill.2d 539,* and cases there cited), but it is urged that their exemption was terminated by section 13 of article IV of the 1970 constitution.

In lieu of the specific enumeration of prohibited subjects of special legislation contained in section 22 of article IV of the 1870 constitution, the drafters of section 13 of article IV of the present constitution substituted the following:

> "The General Assembly shall pass no special or local law when a general law is or can be made applicable.

Whether a general law is or can be made applicable shall
be a matter for judicial determination."

As we recently pointed out in *Bridgewater v. Hotz (1972)*,
*51 Ill.2d 103*, and in *Grace v. Howlett (1972), 51 Ill.2d
478*, the criteria developed under the earlier constitution
for determining whether a law is local or special are still
valid, but the deference previously accorded the legislative
judgment whether a general law could be made applicable
has been largely eliminated by the addition in section 13
of the provision that this "shall be a matter for judicial
determination."

There is, in our judgment, no doubt that this 1972 act
is special legislation. As we said in *Grace v. Howlett,* "The
constitutional test under section 13 of article IV is
whether a general law can be made applicable ***." (51
Ill.2d at 487.) New section 27b (Ill. Rev. Stat., 1973
Supp., ch. 42, par. 273b) provides:

"Any sanitary district organized, operated and main-
tained pursuant to the provisions of this Act which lies in
2 counties and which has an equalized assessed valuation
for tax purposes of $100,000,000 or more, upon the
effective date of this amendatory Act of 1972, is divided
for more effective administrative and fiscal control into 2
separate districts ***."

The briefs cite no reasons, and none are apparent to us, for
restricting the advantages of "more effective administrative
and fiscal control" to those two-county districts which on
December 22, 1972 (the effective date of the Act), had an
equalized assessed valuation of $100,000,000, and not
extending the same advantages to those districts reaching
that valuation level at a subsequent time. (See *Pettibone v.
West Chicago Park Commissioners (1905), 215 Ill. 304,
336-7; Devine v. Board of Commissioners of Cook County
(1877), 84 Ill. 590, 592.*) It is our opinion that a general
law could have been made applicable, and that Public Act
77—2819 therefore violates the constitution's prohibition
against special legislation.

The judgment of the circuit court of St. Clair County

is accordingly affirmed, and the writs of *mandamus* and prohibition are awarded as prayed.

*No. 45671 — Writs awarded.*
*No. 45854 - Judgment affirmed.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.