(No. 52761.—

THE PEOPLE *ex rel.* NO. 3 J. & E. DISCOUNT, INC., *et al.,* Appellants, v. ROBERT M. WHITLER, Director of Revenue, *et al.,* Appellees.

*Opinion filed September 15, 1980.*

474

Richard B. Caifano and Martin E. Litwin, of Chicago, for appellants.

William J. Scott, Attorney General, of Springfield (Robert G. Epsteen, Assistant Attorney General, of counsel), for the Director of Revenue *et al.*

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

On the petition of plaintiffs, No. 3 J. & E. Discount, Inc., and Victor Brown, the circuit court of Cook County issued a writ of prohibition against defendants, Robert M. Whitler, acting director of the Illinois Department of Revenue, and Norman L. Marcus, a departmental hearings referee. The writ prohibited them from holding a departmental hearing pursuant to section 18a of the Cigarette Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 453.18a) regarding the confiscation of certain packs of cigarettes seized from the plaintiffs. The court, however, refused to prohibit the Department from assessing a penalty under section 18b of the Cigarette Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 453.18b). The appellate court held the writ should not have issued, and affirmed the refusal to prohibit the assessment of a penalty. (77 Ill. App. 3d 439.) We granted plaintiffs' leave to appeal.

The statutes pertinent to this dispute provide in relevant part as follows:

"Sec. 18. Any duly authorized employee of the Department may arrest without warrant any person committing in his presence a violation of any of the provisions of this Act, and may without a search warrant seize any original packages not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages in accordance with the provisions of this Act and any vending device in which such packages may be found, and such original packages or vending devices so seized shall

be subject to confiscation and forfeiture as hereinafter provided." (Ill. Rev. Stat. 1977, ch. 120, par. 453.18.)

"Sec. 18a. After seizing any original packages of cigarettes, or cigarette vending devices, as provided in Section 18 of this Act, the Department shall hold a hearing and shall determine whether such original packages of cigarettes, at the time of their seizure by the Department, were not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages in accordance with this Act, or whether such cigarette vending devices, at the time of their seizure by the Department, contained original packages of cigarettes not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages as required by this Act. \*\*\*

If, as the result of such hearing, the Department shall determine that the original packages of cigarettes seized were at the time of seizure not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages as required by this Act, or that any cigarette vending device at the time of its seizure contained original packages of cigarettes not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages as required by this Act, the Department shall enter an order declaring such original packages of cigarettes or such cigarette vending devices confiscated and forfeited to the State, and to be held by the Department for disposal by it as provided in Section 21 of this Act." (Ill. Rev. Stat. 1977, ch. 120, par. 453.18a.)

"Sec. 18b. With the exception of licensed distributors, anyone possessing cigarettes contained in original packages which are not tax stamped as required by this Act, or which are improperly tax stamped, shall be liable to pay, to the Department for deposit in the State Treasury, a penalty of $10 for each such package of cigarettes in excess of 100 packages. Such penalty may be recovered by the Department in a civil action." (Ill. Rev. Stat. 1977, ch. 120, par. 453.18b.)

"Sec. 20. Whenever any peace officer of the State or any duly authorized officer or employee of the Department shall have reason to believe that any violation of this

Act has occurred and that the person so violating the Act has in his, her or its possession any original package of cigarettes, not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original package as required by this Act, or any vending device containing such original packages to which stamps have not been affixed, or on which an authorized substitute for stamps has not been imprinted underneath the sealed transparent wrapper of such original packages, as required by this Act, he may file or cause to be filed his complaint in writing, verified by affidavit, with any court within whose jurisdiction the premises to be searched are situated, stating the facts upon which such belief is founded, the premises to be searched, and the property to be seized, and procure a search warrant and execute the same. Upon the execution of such search warrant, the peace officer, or officer or employee of the Department, executing such search warrant *shall* make due return thereof to the court issuing the same, together with an inventory of the property taken thereunder. \*\*\* Upon the return of the process duly served or upon the posting or publishing of notice made, as hereinabove provided, the court or jury, if a jury shall be demanded, *shall* proceed to determine whether or not such property so seized was held or possessed in violation of this Act, or whether, if a vending device has been so seized, it contained at the time of its seizure original packages not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages as required by this Act. In case of a finding that the original packages seized were not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages in accordance with the provisions of this Act, or that any vending device so seized contained at the time of its seizure original packages not tax stamped or tax imprinted underneath the sealed transparent wrapper of such original packages in accordance with the provisions of this Act, judgment *shall* be entered confiscating and forfeiting the property to the State and ordering its delivery to the Department, and in addition thereto, the court shall have power to tax and assess the costs of the proceedings." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 120, par. 453.20.

This appeal presents two questions: whether in light of the above-quoted statute and the facts of this case the writ of prohibition was properly issued and whether it was properly limited to the section 18a hearing. The facts involved are not disputed. On December 22, 1976, two agents of the Department of Revenue (Department) filed a complaint for a search warrant against plaintiffs' premises in La Grange. The complaint alleged that packs of cigarettes with counterfeit tax stamps were being sold on the premises and that plaintiffs held unstamped packs or packs with counterfeit stamps with the intent to sell them in violation of the penal provisions of the Cigarette Tax Act (Ill. Rev. Stat. 1977, ch. 120, pars. 453.23, 453.24). A warrant issued the same day, and in the subsequent search the 42,000 packages of cigarettes which are the subject of this litigation were seized. Criminal charges were filed the next day against Victor Brown, apparently the proprietor of the store in La Grange and subsequently coplaintiff in the petition for a writ of prohibition.

Thereafter the Department notified plaintiffs that it intended to hold a hearing to confiscate the seized packages under section 18a and to impose a penalty under section 18b. Plaintiffs then filed this action seeking a writ of prohibition ordering the defendants to "desist and refrain from any further proceedings in the matter," and arguing that section 20 limited the Department to in-court proceedings because the cigarettes were seized pursuant to a search warrant. The court allowed plaintiffs' motion for a temporary writ, thereafter denying defendant's motions to quash and issuing a permanent writ of prohibition ordering the defendants to refrain from any further departmental proceedings to confiscate the cigarettes. Defendants then filed a notice of appeal but subsequently moved to dismiss the appeal and remand the cause because a *nolle prosequi* had been entered in the criminal case before the writ of prohibition had issued and the judge

who issued the writ had not known of this development. The appeal was accordingly dismissed without prejudice and the cause remanded to the circuit court, which again issued a writ prohibiting the Department from holding a hearing to confiscate the seized cigarettes but expressly providing in the order that the Department could hold any other hearing.

In holding the writ should not have issued, the appellate court acknowledged that section 20 of the Cigarette Tax Act says that the circuit court "shall" hold the confiscation hearing when the cigarettes have been seized pursuant to a search warrant but reasoned that a literal interpretation of the statute would unnecessarily frustrate the ability of the Department to enforce the Cigarette Tax Act as the legislature intended. The court thus construed section 20 to require a confiscation hearing in the circuit court only when a criminal prosecution is pending. In its absence the court concluded that section 20 should not be construed to preclude departmental proceedings. Since the criminal action had been nol-prossed, the Department was free to hold both confiscation hearings under section 18a and penalty hearings under section 18b. That court reasoned that the language of the section does not in any way limit the ability of the Department to assess penalties and that, since such action was, in its judgment, ministerial rather than judicial or quasi-judicial, it was not subject to a writ of prohibition.

A court may issue a writ of prohibition against another tribunal only if four conditions are satisfied. First, the action sought to be prohibited must be judicial or quasi-judicial in nature. (*People ex rel. Hurley v. Graber* (1950), 405 Ill. 331, 349.) Second, the jurisdiction of the tribunal against whom the writ is sought must be inferior to that of the issuing court. (*Hughes v. Kiley* (1977), 67 Ill. 2d 261, 266; *People ex rel. Town Court v. Harrington* (1961), 21 Ill. 2d 224, 226.) Third, the action sought to be pro-

hibited must be either outside the jurisdiction of the tribunal or, if within its jurisdiction, beyond its legitimate authority. (*Hughes v. Kiley* (1977), 67 Ill. 2d 261, 266; *People ex rel. Modern Woodmen of America v. Circuit Court* (1931), 347 Ill. 34, 39.) Fourth, the party seeking the writ must be without any other adequate remedy. *Hughes v. Kiley* (1977), 67 Ill. 2d 261, 266; *People ex rel. Modern Woodmen of America v. Circuit Court* (1931), 347 Ill. 34, 39.

Plaintiffs present here a generalized argument that various aspects of the departmental proceedings, including the absence of a jury trial, will deny them due process if their petition for the writ is denied. The extraordinary nature of the writ of prohibition, however, precludes consideration of arguments, constitutional or otherwise, unless those arguments concern the jurisdiction of the inferior tribunal. Plaintiffs' due process arguments do not do so. Those claims may, of course, be raised on direct appeal from any action taken by the Department. Ill. Rev. Stat. 1977, ch. 120, par. 453.8; Ill. Rev. Stat. 1977, ch. 110, par. 264.

We consider the requirements for a writ of prohibition in order. Although the tribunal against whom the writ of prohibition is sought in this case is an administrative one, we believe that the administrative action involved is sufficiently judicial in nature to subject it to a writ of prohibition. As the court stated in *People ex rel. Hurley v. Graber* (1950), 405 Ill. 331, 349, "Although a writ of prohibition does not ordinarily issue to control administrative, ministerial or nonjudicial acts and functions beyond the common-law scope of the writ, if the action sought to be prohibited is judicial in its nature, it may be prevented by the writ of prohibition, although the tribunal or person to whom the writ is addressed is not in name a court or judge." The action sought to be prohibited in this case—the conduct of a hearing to determine

whether certain tax stamps are counterfeit and to confiscate the cigarettes—could be taken by either the circuit court or the Department in appropriate circumstances. (Ill. Rev. Stat. 1977, ch. 120, pars. 453.18a, 453.20.) Moreover, under the Act as originally passed, that determination could be made only by a court. (1941 Ill. Laws 1049-50, secs. 18 to 20.) Under these circumstances the conduct by the Department of such hearing is sufficiently judicial in nature to warrant issuance of the writ. Similarly, to the extent that such a hearing and determination is necessary to the assessment of a penalty under section 18b of the current act, that action is also sufficiently judicial in nature to be subject to a writ of prohibition.

The Department does not argue that the second requirement is not satisfied; the jurisdiction of the Department is clearly inferior to that of the circuit court. The third requirement, however, is the center of controversy in this case. The question is whether the Department's proposed action has been authorized by the legislature in the Cigarette Tax Act. Section 18a states that the Department "shall" hold a confiscation hearing when the cigarettes have been seized pursuant to section 18, which authorizes seizure without a warrant. Section 20, however, directs that, when the cigarettes have been seized pursuant to a search warrant, the court issuing the warrant "shall" hold the confiscation hearing. The language of the statute thus clearly indicates that the Department does not have the authority to hold a confiscation hearing concerning cigarettes seized under a court-issued search warrant.

The Department nevertheless argues that such a literal construction of the statute is inappropriate because the legislature intended that improperly stamped packages of cigarettes should be subject to confiscation and a literal construction of the Act would frustrate the Department in its attempts to effectuate that intent. We agree as to the legislative intent, but do not regard a literal construction

of the Act's clear language as frustrating that intent. Section 20 does not prohibit the confiscation of cigarettes seized pursuant to a search warrant; it simply requires that the confiscation hearing be held by a court rather than by the Department.

The Department's concern about the effect of a strict construction is apparently based on two considerations: first, that the court confiscation procedure may be precluded if the criminal charges upon which the search warrant was based are subsequently dropped and, second, that the court confiscation may also be barred if the search warrant under which the cigarettes were seized is subsequently quashed. The first consideration is precisely the situation involved here since a *nolle prosequi* was entered in the criminal case against plaintiff Victor Brown. The Department's apprehensions in this regard are not, in our opinion, well founded. Nothing in section 20 predicates the court's confiscation hearing upon a criminal prosecution. Nor do we believe that the Department's second concern justifies construing the statute to mean anything other than that which it clearly states. The Department apparently believes that a court could not confiscate cigarettes seized in violation of the possessor's fourth amendment rights but that the Department could do so. We have been presented with no authority supporting that distinction, however, and we perceive no foundation for it.

The Department also contends that the purpose of obtaining a search warrant under section 20 is to ensure that the seized cigarettes are admissible as evidence in a subsequent criminal prosecution. From that premise the Department argues that when no criminal prosecution is pending, there is no danger that evidence will be suppressed, and the situation with which section 20 was intended to deal no longer exists. The Department contends it should therefore be able to proceed with a confiscation hearing under section 18.

This argument, however, ignores the fact that section 20 involves two separate elements: the authorization to obtain a search warrant and the requirement that the confiscation action regarding cigarettes seized pursuant to that warrant be brought in a court. Obtaining a search warrant, it is true, may serve to prevent the suppression of evidence at a criminal prosecution. The requirement that the subsequent confiscation hearing be held in court does not appear to us, however, to have any connection with the admissibility of evidence at a criminal prosecution, and the Department has given us no reason to change our view. We think it more likely that the purpose of that requirement is to ensure that the courts rather than an administrative agency maintain control over items seized under judicial process. In any case, since the requirement of a judicial rather than administrative confiscation hearing does not affect the admissibility of evidence at a criminal trial, the absence of a pending criminal prosecution does not affect the applicability of that requirement. We conclude therefore that the command of section 20 does apply in the instant case and that the Department does not have the authority to hold a confiscation hearing regarding cigarettes seized pursuant to a search warrant.

In regard to the assessment of a penalty, however, section 18b, which authorizes the imposition of the penalty, clearly vests that authority with the Department. The penalty assessed may be recovered in a civil action, but that action is merely to reduce the penalty to a judgment, not a trial *de novo* by the circuit court. (*Department of Revenue v. Jamb Discount* (1973), 13 Ill. App. 3d 430.) The usual ground for issuing a writ of prohibition is that the tribunal subject to the writ does not have the jurisdiction to act. That condition does not pertain to the assessment of a penalty under section 18b by the Department.

The final requirement for the issuance of a writ of prohibition is that the party seeking it have no other

adequate remedy. This requirement has been variously interpreted. The usual circumstance in which it is satisfied involves a petitioner for the writ who will suffer some injury due to the unauthorized exercise of jurisdiction that cannot be remedied by vindicating his rights on appeal. (*People v. Sears* (1971), 49 Ill. 2d 14, 36; *People ex rel. Modern Woodmen of America v. Circuit Court* (1931), 347 Ill. 34, 38, 44.) In other cases this court has issued a writ of prohibition when two lower courts have issued contradictory orders concerning the same subject matter. (*People ex rel. East Side Levee & Sanitary District v. Madison County Levee & Sanitary District* (1973), 54 Ill. 2d 442; *People ex rel. Carey v. Covelli* (1975), 61 Ill. 2d 394; *People ex rel. Continental Air Transport Co. v. Strouse* (1969), 41 Ill. 2d 567.) Although this case does not involve conflicting court orders, it does involve an attempt by the Department to exercise authority which is vested exclusively in the circuit court. Where one tribunal clearly without the authority to act attempts to usurp the jurisdiction of another, we believe that the extraordinary writ of prohibition is justified. *In re Mattison* (1958), 120 Vt. 459, 144 A.2d 778; *State ex rel. Marion County Plan Com. v. Superior Court* (1956), 235 Ind. 607, 135 N.E.2d 516; *State ex rel. Haddock Engineers Ltd. v. Swope* (1952), 56 N.M. 782, 251 P.2d 266; *Creighton v. District Court* (Okla. 1961), 359 P.2d 581; *Spraker v. Carroll* (Okla. 1966), 416 P.2d 946.

Accordingly we reverse the judgment of the appellate court insofar as it authorized departmental confiscation hearings, and affirm its judgment affirming the judgment of the circuit court denying a writ prohibiting the Department from assessing a penalty under section 18b. The judgment of the circuit court of Cook County is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*