FIRST NATIONAL BANK OF SKOKIE *et al.*, Plaintiffs-Appellees, *v.* VERA M. PUETZ, Defendant-Appellant.

First District (5th Division)   No. 83—2143

Opinion filed May 11, 1984.

Zukowski, Poper, Rogers & Flood, of Crystal Lake (David W. McArdle, of counsel), for appellant.

J. Stirling Mortimer, Ltd., and Miriam Ellen Harrison, both of Chicago, for appellees.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

This is an interlocutory appeal from an order enjoining defendant from proceeding in a matter previously filed in McHenry County. The issue presented is whether the trial court abused its discretion in ordering the injunction. We reverse and remand.

On April 4, 1983, defendant herein, Vera M. Puetz, as administrator of the estate of John J. Puetz, filed in the circuit court of the Nineteenth Judicial Circuit, Probate Division, McHenry County, a citation to discover and recover assets. She alleged that she and the decedent were married and that the decedent had executed an *inter vivos* trust which provided that he was the sole beneficiary of the trust, that upon his death the beneficial interest would vest in his children from a former marriage and that the *corpus* of said trust consisted of several parcels of real estate located in Cook County. Defendant further alleged that the transfer of property to the trust was made with the fraudulent intent to deprive her of her statutory rights and

prayed that the court find that the trust agreement was colorable, illusory and fraudulent to the extent that it defeated her widow's award.

Approximately one month later, on May 17, 1983, plaintiffs herein, the First National Bank of Skokie as trustee and the named beneficiaries of the trust, filed the instant action, a bill to quiet title, alleging that defendant and the decedent had entered into an antenuptial agreement, that such agreement bars any and all claims of defendant which arise by reason of her marriage to decedent, and that defendant's claim is a cloud upon plaintiffs' title. Plaintiffs requested that defendant's claim be declared illegal and void.

On June 10, 1983, defendant moved to dismiss this action pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a)(3)) on the ground that there was another action pending between the same parties involving the same issues. The court denied the motion as well as defendant's motion for reconsideration on June 28 and July 13, respectively.

On July 18, 1983, plaintiffs filed a petition for writ of injunction against defendant. The court found that the pending bill to quiet title is identical to the citation filed in McHenry County insofar as the relief requested and, further, that Cook County is the proper venue for determining the title of the subject real estate. Based upon these findings the court entered an interlocutory order enjoining defendant from further proceeding in the McHenry County action. Defendant appeals.

OPINION

The issue presented for review is whether the trial court erred in granting the injunction. Generally, one court of this State is not free to ignore an action pending in another court of this State between the same parties on the same subject. (*People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 357 N.E.2d 534; *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 215 N.E.2d 806; *Venturi v. Bulk Petroleum Corp.* (1979), 70 Ill. App. 3d 967, 388 N.E.2d 1147.) Where such actions are commenced in different courts having concurrent jurisdiction the court which first acquires jurisdiction retains a prior right to jurisdiction (*People ex rel. Scott v. Jones* (1970), 44 Ill. 2d 343, 255 N.E.2d 397) and other courts should decline jurisdiction of the identical action (*People ex rel. East Side Levee & Sanitary District v. Madison County Levee & Sanitary District* (1973), 54 Ill. 2d 442, 445, 298 N.E.2d 177).

In *East Side Levee & Sanitary District* the Madison County cir-

cuit court entered a temporary restraining order, denied a motion to dismiss and entered various other orders despite its knowledge of the pendency of a similar prior action in St. Clair County. Our supreme court stated that "[the Madison County court's] acceptance of jurisdiction and issuance of orders conflicting with those of the St. Clair County court was not only clearly erroneous, but that such action can only serve to diminish public respect for the judicial system of this State." 54 Ill. 2d 442, 445, 298 N.E.2d 177.

The grant or denial of a preliminary injunction rests within the sound discretion of the trial court, which will not be reversed absent an abuse of discretion. (*Wolf & Co. v. Waldron* (1977), 51 Ill. App. 3d 239, 243, 366 N.E.2d 603.) In the case at bar the trial court knew that the McHenry County action had been filed prior to the commencement of the instant action and, further, made a specific finding, which the parties have not disputed, that the two actions are identical in the relief prayed for. Therefore, the court should have declined jurisdiction in light of the prior pending action in which identical relief was sought. (See *East Side Levee & Sanitary District v. Madison County Levee & Sanitary District* (1973), 54 Ill. 2d 442, 298 N.E.2d 177; see also *In re Marriage of Alder* (1981), 98 Ill. App. 3d 525, 424 N.E.2d 763.) For the foregoing reasons we conclude that the trial court abused its discretion in entering the order which enjoined defendant from proceeding in the McHenry County action.

Accordingly, we reverse and remand the cause to the trial court with instructions to vacate the order enjoining defendant and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SULLIVAN and WILSON,* JJ., concur.

---

*This opinion was adopted as the opinion of the court prior to the death of Mr. Justice Wilson.