THE PEOPLE *ex rel.* JOHN R. NARCZEWSKI, Sheriff of Bureau County, Plaintiff-Appellant, v. THE BUREAU COUNTY MERIT COMMISSION *et al.*, Defendants-Appellees.

Third District No. 3—86—0519

Opinion filed March 31, 1987.

Marc Bernabei, State's Attorney, of Princeton (Scott Madson, Assistant State's Attorney, of counsel), for appellant.

Daniel F. Tracy, of Trimble, Angel, Hornbaker & Isaacson, of Princeton, for appellee Gregory Johnson.

Stephen H. Gunning, of Princeton (Daniel F. Tracy, of counsel), for other appellees.

JUSTICE HEIPLE delivered the opinion of the court:

This case presents the question of whether a writ of prohibition should be entered against the Bureau County merit commission (commission) to prevent it from holding a hearing and determining whether it has jurisdiction to review a written reprimand issued by a sheriff to his deputy. The circuit court of Bureau County held that the commission should determine whether it had jurisdiction and denied

the writ of prohibition sought by the sheriff. The court also permitted the commission to employ private counsel at county expense since the State's Attorney elected to represent the sheriff's opposing interests. We award the writ of prohibition and remand the cause for determination of attorney fees.

This now convoluted case had a very simple beginning. On May 1, 1986, Bureau County Sheriff John Narczewski disciplined Deputy Sheriff Gregory Johnson by means of a written reprimand which is set out below:

> "Dear Lieutenant Johnson:
> This is in reference to the meeting on this date in my office regarding the Kenny Seibech incident that occurred last evening, April 30th, at the Bureau County Jail. Mr. Seibech has indicated to me that civil charges against you and the Bureau County Sheriff's Department may occur in the near future.
>
> It is my wish that you use more self-control when dealing with inmates lodged at the County Jail. It is my belief that you violated Rule #10 of the Rules and Regulations for Jail Personnel."

Deputy Johnson, through his attorney, contacted the commission and requested a hearing. Had the commission denied the request on grounds that it lacked the authority to review this disciplinary action, as it should have done, the matter would have ended as simply as it began. However, in response to Deputy Johnson's request, the chairman of the commission scheduled a public hearing to be held on May 15, 1986.

The State's Attorney informed the commission that he would be representing the sheriff and would contest the jurisdiction of the commission to review the disciplinary action. The State's Attorney, on behalf of the sheriff, filed a complaint for temporary and permanent prohibition against the commission, seeking to prevent the commission from holding the public hearing or exercising any jurisdiction over the matter. The circuit court granted a temporary order of prohibition and further ordered the commission to respond to the complaint and show cause why the order should not be made permanent.

The State's Attorney wrote to the chairman of the commission and indicated that he was representing the sheriff only and believed the commission was acting without jurisdiction. He also informed the commission that he did not have authority to allow the commission to expend public funds to obtain outside counsel and that any such authorization would have to come from the county board or the court.

The commission then filed a petition requesting the circuit court

to allow it to employ private counsel at the county's expense, which the court granted. At that time, the court also ordered the State's Attorney to add Deputy Johnson as a party defendant. The newly added deputy sheriff and the commission filed motions to dismiss the complaint for prohibition. The State's Attorney filed several motions, including a motion to reconsider the order allowing retention of private counsel at public expense. The court granted the motion to dismiss the prohibition action and denied the motion to reconsider the order allowing the commission to retain private counsel. The State's Attorney, on behalf of the sheriff, then filed this appeal.

 It is generally said that for a writ of prohibition to be issued, four conditions must be satisfied: the action sought to be prohibited must be judicial or quasi-judicial; the jurisdiction of the tribunal against which the writ is sought must be inferior to that of the issuing court; the action sought to be prohibited must be beyond the legitimate authority of the tribunal or outside the jurisdiction of the tribunal; and there must be no other adequate remedy available for the party seeking the writ. (*People ex rel. No. 3 J. & E. Discount, Inc. v. Whitler* (1980), 81 Ill. 2d 473.) We will consider the requirements for a writ of prohibition in order.

Although the commission is an administrative agency, the action involved is quasi-judicial in nature and subject to a writ of prohibition. (See *People ex rel. Hurley v. Graber* (1950), 405 Ill. 331, 348-49 (and cases cited therein); *People ex rel. No. 3 J. & E. Discount v. Whitler* (1980), 81 Ill. 2d 473.) The first requirement is therefore met.

The defendants do not argue that the second requirement is not satisfied; the jurisdiction of the commission is clearly inferior to that of the circuit court. The third requirement, however, is a matter of controversy.

The Sheriff's Merit System Act (Act) (Ill. Rev. Stat. 1985, ch. 125, par. 151 *et seq.*) provides that a sheriff may discipline deputy sheriffs directly. The Act states:

"Sec. 13. Disciplinary measures.

Disciplinary measures for actions violating * * * the internal procedures of the sheriff's office may be taken by the sheriff. Such disciplinary measures may include suspension of any certified person for reasonable periods, not exceeding a cumulative 30 days in any 12-month period." Ill. Rev. Stat. 1985, ch. 125, par. 163.

 The statute clearly provides that the sheriff has exclusive authority to impose minor disciplinary sanctions. While the provisions of the statute do not specifically provide for review of any of the sher-

iff's disciplinary actions which do not involve removal, demotion, or suspensions exceeding 30 days, our supreme court recently held that the Act must be construed to provide merit commission review of disciplinary suspensions imposed by the sheriff. *Wagner v. Kramer* (1985), 108 Ill. 2d 413, 420.

■■ ■ Deputy Johnson and the commission argue that the *Wagner* decision should be extended to provide for review of a sheriff's written reprimands. They further argue that because it is not clear that the commission lacked jurisdiction to review the sheriff's letter of reprimand, the commission should have had the opportunity to determine whether or not it had jurisdiction.

We disagree. The Sheriff's Merit System Act, even as construed in *Wagner*, provides the commission with no authority to review a sheriff's written letter of reprimand. Such an extension of the statute or the holding in *Wagner* is not only unnecessary, but would be highly impractical and cumbersome to implement and would virtually eliminate a sheriff's authority to impose minor disciplinary sanctions without having to justify the sanctions to a county merit commission. The commission here clearly had no jurisdiction to act, and its proposed consideration of its own jurisdiction would have been in excess of its statutory authority. Thus, the third requirement for a writ of prohibition was met.

The final requirement for the issuance of a writ of prohibition is that the party seeking it have no other adequate remedy. The defendants argue that the sheriff did not show that he was without remedy. In fact, the commission asserts that the sheriff's remedy would be to seek administrative review of an adverse ruling after the proposed hearing.

The commission's suggestion does not persuade. We have already determined that the commission lacked authority to hold the hearing. It would be nonsensical to hold that the sheriff must appear before the commission to argue the question, then appeal an adverse ruling. A similar result was reached in *People ex rel. Olin Corp. v. Department of Labor* (1981), 95 Ill. App. 3d 1108. In *Olin,* the Director of the Illinois Department of Labor attempted to withdraw his own order in a case and hold a hearing on an issue not appealed by the parties. Although the Director argued that administrative and judicial review was available, a writ of prohibition was issued to prevent the Department of Labor from holding the hearing. The court stated that where the remedy of administrative and judicial review would come only after a hearing which the defendant has no jurisdiction to hold, it can be said that, as a matter of law, the plaintiff has no other alterna-

tive than the writ of prohibition. We agree with the reasoning and the result in *Olin* and conclude that the fourth prerequisite for a writ of prohibition has been satisfied.

Having determined that all of the requirements have been met, we order the writ of prohibition to issue against the commission to prohibit it from holding a hearing to determine whether it has jurisdiction to review the discipline imposed by the sheriff of Bureau County.

■■ The appellant next argues that the court erred in allowing the commission to retain private counsel at county expense. We disagree and remand for a determination of attorney fees. The commission initially sought to review the discipline imposed by Sheriff Narczewski under an extension of the statutory provision authorizing review of suspensions (Ill. Rev. Stat. 1985, ch. 125, par. 164). Under that provision, the commission is entitled to have the advice of the State's Attorney, but if the State's Attorney elects to advise the sheriff, as he did in the present case, the commission is entitled to retain private counsel. Although we determined earlier that the commission did not have authority to hold the proposed hearing, we believe, nevertheless, that the commission was entitled to legal representation during the proceedings. The State's Attorney decided to represent only the sheriff's interests, communicated this decision to the commission, and initiated legal proceedings against the tribunal. At that point, the State's Attorney and the commission clearly had a conflict of interest and the commission was entitled to obtain private counsel at county expense. Furthermore, we believe that because the State's Attorney was unwilling to represent the interests of the commission, the court could have appointed a special State's Attorney, who also would have been paid with county funds (Ill. Rev. Stat. 1985, ch. 14, par. 6). Granting the commission's petition to employ private counsel was consistent with the spirit and intent of both statutes cited above. The court was therefore justified in allowing private counsel to advise the commission, and the attorney is now entitled to be paid from county funds.

■■ Finally, the sheriff contends that the court erred when it, on its own motion, ordered the deputy sheriff to be added as a defendant without designating the deputy as the real party in interest. The sheriff argues that public funds paid to the commission's attorney will unlawfully benefit a private individual. This argument is without merit. The authority of the commission to act as it proposed was the issue in the prohibition action, and the commission was therefore the primary party defendant. The addition of Deputy Johnson as a defendant did

not alter that fact. Furthermore, as the deputy was represented by his own counsel at all stages of the proceedings, county funds to be paid to the commission's attorney according to our order will not be expended for the benefit of a private individual.

Therefore, we reverse the trial court and order the writ of prohibition to issue against the Bureau County merit commission. However, we affirm that portion of the trial court's ruling which granted the commission leave to employ private counsel. We remand the cause solely for a determination of counsel's fees.

Reversed; writ awarded and cause remanded.

BARRY, P.J., and WOMBACHER, J., concur.