CONGREGATION KOL AMI, Plaintiff-Appellee, v. CHICAGO COMMISSION ON HUMAN RELATIONS *et al.*, Defendants-Appellees (Jeanne Diamond, Intervenor-Appellant).

First District (2nd Division)    No. 1—92—2599

Opinion filed March 31, 1995.—Rehearing denied May 10, 1995.

Edwin F. Mandel Legal Aid Clinic, of Chicago (Randall D. Schmidt and Michelle L. Kaplan, of counsel), for appellant.

Solomon I. Hirsh, of Chicago, for appellee Congregation Kol Ami.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Jean Dobrer, Assistant Corporation Counsel, of counsel), for appellees Chicago Commission on Human Relations and City of Chicago.

Chicago Lawyers Committee for Civil Rights Under Law, Inc., of Chicago (Cynthia A. Wilson, of counsel), for *amici curiae* Women Employed and Chicago ADAPT.

David J. Hardy, of Chicago, and Boothby & Yingst, of Washington, D.C. (Lee Boothby, of counsel), for *amici curiae* Council on Religious Freedom, Evangelical Lutheran Church in America, National Association of Evangelicals, and General Conference of Seventh-Day Adventists.

Altheimer & Gray, of Chicago (David V. Kahn and Miriam S. Barasch, of counsel), for *amicus curiae* American Jewish Congress.

JUSTICE McCORMICK delivered the opinion of the court:
In 1991 Congregation Kol Ami (Kol Ami), a Reform Jewish

religious congregation in Chicago, terminated Jeanne Diamond from the position of cantorial soloist. When she learned that Kol Ami offered this position to a male, Diamond filed a sex discrimination complaint with the Chicago Commission on Human Relations (Commission). She sought compensatory damages but not reinstatement. Kol Ami brought a motion to dismiss the complaint before the Commission because Kol Ami claimed a religious exemption from the Commission's proceedings.

The Commission held that it did not have jurisdiction to review a decision of a religious body concerning employment of its ministers. However, the Commission noted that Diamond alleged that she was not a member of the clergy, and said:

> "[T]aking [Diamond's] allegations as true, as we must for purposes of a motion to dismiss, the Commission finds that it is not now required to dismiss the complaint. [Kol Ami] is free to renew its motion at the hearing on this matter. At that time, [Kol Ami] will have an opportunity to persuade the Hearing Officer and the Commission that the Complainant's factual assertions relied upon here should not be credited. Factual findings which are contrary to the ones on which this decision rests may well dictate a different outcome."

Kol Ami then brought this action in the circuit court for a writ of prohibition to prevent the Commission from hearing the facts it deemed necessary to determine whether it had jurisdiction. The trial court granted the writ and Diamond's motion to intervene. Diamond appeals.

■ A court should not issue a writ of prohibition unless the writ will prohibit the judicial or quasi-judicial action of a tribunal of inferior jurisdiction whose proposed action must be either outside the tribunal's jurisdiction or, if within its jurisdiction, beyond its legitimate authority. (*Orenic v. Illinois State Labor Relations Board* (1989), 127 Ill. 2d 453, 468, 537 N.E.2d 784.) Also, because a writ of prohibition is an extraordinary remedy (*Hughes v. Kiley* (1977), 67 Ill. 2d 261, 266, 367 N.E.2d 700), the court should not issue the writ unless "the petitioner [is] without any other adequate remedy." *Orenic*, 127 Ill. 2d at 468.

Both the Commission and Diamond contend that Kol Ami has an adequate remedy, through administrative review of a final Commission decision. Kol Ami argues that this remedy is inadequate because Kol Ami will sustain litigation costs and suffer delay due to the administrative proceedings, and because the Commission, by investigating the decision to dismiss Diamond, will infringe on Kol Ami's constitutional rights.

■ The United States Supreme Court has held that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury," and such costs do not justify court interruption of agency proceedings. (*Renegotiation Board v. Bannercraft Clothing Co.* (1974), 415 U.S. 1, 24, 39 L. Ed. 2d 123, 139, 94 S. Ct. 1028, 1040.) However, delay for completion of administrative proceedings can lead to irreparable harm under some circumstances. In *Orenic* a union petitioned the Labor Relations Board (Board) for an election to determine whether the union could represent court employees whom the union alleged were jointly employed by the county and the chief judge of the trial court. The chief judge petitioned for a writ to prohibit the Board from certifying any bargaining unit which listed the county as a joint employer of judicial branch employees. (*Orenic*, 127 Ill. 2d at 459.) Our supreme court found that the chief judge showed that administrative review would not provide an adequate remedy, by

"point[ing] to appellate delay during any review as threatening the smooth operation of the court system and possibly causing irreparable harm to [his] employment relationship with [his] employees." (*Orenic*, 127 Ill. 2d at 469.)

The court agreed, stating:

"The effects of improperly ordered certification or bargaining would not easily be undone, if at all. Positions taken, agreements reached, and appropriations made would be on public view and formalized on the public record." *Orenic*, 127 Ill. 2d at 469-70.

Kol Ami has alleged no similar harm to the congregation or its operation which would result from the passage of time pending administrative and appellate decision in this case.

Kol Ami cites *People ex rel. Narczewski v. Bureau County Merit Comm'n* (1987), 154 Ill. App. 3d 732, 506 N.E.2d 402, and *Office of the Lake County State's Attorney v. Illinois Human Rights Comm'n* (1990), 200 Ill. App. 3d 151, 558 N.E.2d 668, to support the argument that litigation cost and delay, without more, constitute sufficient harm to justify issuing a writ of prohibition. In *Narczewski*, a sheriff issued a written reprimand to a deputy, who asked the merit commission to review the reprimand. The sheriff sued in circuit court for a writ of prohibition against the merit commission, and the trial court denied the writ. The Appellate Court, Third District, reversed the trial court and awarded the writ. (*Narczewski*, 154 Ill. App. 3d at 738.) In response to the merit commission's argument that administrative review provided an adequate remedy, the court said:

"It would be nonsensical to hold that the sheriff must appear before the commission to argue the question, then appeal an

adverse ruling. *** [W]here the remedy of administrative and judicial review would come only after a hearing which the defendant has no jurisdiction to hold, it can be said that, as a matter of law, the plaintiff has no other alternative than the writ of prohibition." *Narczewski*, 154 Ill. App. 3d at 736-37.

Similarly, in *Lake County* the State's Attorney discharged an assistant and the assistant filed a discrimination charge with the Illinois Department of Human Rights (IDHR), and the IDHR filed a charge with the Illinois Human Rights Commission (IHRC). The State's Attorney sued for a writ prohibiting the IHRC from hearing the complaint. The trial court dismissed the suit and the appellate court reversed, stating: "The State's Attorney need not first subject himself to an exercise of jurisdiction of the [IHRC], which is not authorized by law, simply to obtain a decision from which he could seek rehearing *en bloc* and, ultimately, appeal." *Lake County*, 200 Ill. App. 3d at 157.

The remedy of administrative review was held inadequate in *Lake County* and *Narczewski* only because the appellants needed to subject themselves to the cost and delay of proceedings before the administrative agency, without evidence of any special harm due to the delay. Every request for a writ of prohibition involves an attempt to foreclose judicial or quasi-judicial proceedings which necessarily involve some litigation cost and delay. If such costs suffice to render other remedies inadequate, the requirement of inadequate remedy is meaningless. In this case, unlike *Narczewski* and *Lake County*, Kol Ami first asked the Commission to determine its jurisdiction, then after the Commission denied the motion to dismiss, Kol Ami sought prohibition. Granting the writ of prohibition here, with no showing of harm beyond litigation cost and delay involved in any case, violates the principle that "prohibition *** should not be allowed as a way of circumventing the normal appellate process." *Moore v. Strayhorn* (1986), 114 Ill. 2d 538, 540, 502 N.E.2d 727.

■ We hold that mere litigation expenses and delay do not, in and of themselves, constitute grounds for finding the remedy of administrative review inadequate; delay may cause irreparable harm in some circumstances, but Kol Ami has not shown such circumstances here. To the extent that *Narczewski* and *Lake County* are inconsistent with this holding, we decline to follow those cases.

Kol Ami argues that the process of inquiry into its decision to dismiss Diamond will cause irreparable harm. The United States Supreme Court has found administrative review to be an inadequate remedy where continued agency proceedings could eliminate first amendment rights, even if only for a brief time pending review. (*El-*

*rod v. Burns* (1976), 427 U.S. 347, 373, 49 L. Ed. 2d 547, 565, 96 S. Ct. 2673, 2690.) However, in *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.* (1986), 477 U.S. 619, 91 L. Ed. 2d 512, 106 S. Ct. 2718, the Court held that a State agency had the power to investigate a complaint charging churches with sexual discrimination in employment. The Court also held:

> "[T]he Commission violates no constitutional rights by merely investigating the circumstances of *** discharge ***, if only to ascertain whether the ascribed religious-based reason was in fact the reason for the discharge." (*Dayton Christian*, 477 U.S. at 628, 91 L. Ed. 2d at 522-23, 106 S. Ct. at 2723.)

The Commission's investigation here will not threaten constitutional rights to any greater extent than would the investigation in *Dayton Christian*.

Kol Ami has alleged no potential harms similar to those present in *Orenic* and *Elrod*. The process of inquiry into the alleged basis for Diamond's discharge threatens no constitutional rights. Even if the Commission granted Diamond all the relief she seeks, Kol Ami's religious practices would be entirely unaffected: Diamond seeks only money, not reinstatement, so Kol Ami could hold the same services with the same personnel professing the same beliefs during and after administrative proceedings as it would if no complaint had been filed. The Commission's exercise of jurisdiction, and even the possible granting of relief, cannot affect Kol Ami's first amendment free exercise rights or its basic operations.

Because Kol Ami has not shown that administrative review of the Commission's decision is an inadequate remedy, the trial court's order granting the writ of prohibition must be reversed and the cause remanded for further proceedings before the Commission.

Reversed and remanded.

SCARIANO, P.J., and DiVITO, J., concur.