2025 IL App (1st) 240054-U

SECOND DIVISION
February 25, 2025

No. 1-24-0054

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| JOSEPH VENTRELLA, as beneficiary of the Paul Ventrella Trust, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff / Counter-defendant – Appellee, | ) ) | |
| v. | ) ) ) | Nos.  19 CH 14400 21 CH 19 (cons.) |
| JAMES VENTRELLA, individually and as Trustee of the Paul Ventrella Trust, | ) ) ) | Honorable David R. Gervais Judge Presiding |
| Defendant / Counter-plaintiff – Appellant. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justice McBride and Howse concurred in the judgment.

**ORDER**

¶ 1    *Held:* Vacated and remanded. Court in McHenry County lost jurisdiction to enter contempt order after case was transferred by Illinois Supreme Court to Cook County.

¶ 2    Defendant James Ventrella challenges the circuit court of McHenry County's December 6, 2023 written order holding him in "friendly" contempt after he refused to comply with a discovery order. The careful reader may wonder why an order by a court in McHenry County is the subject of an appeal before the Appellate Court for the First District, which does not include McHenry County. The reason is that, days before the McHenry County court entered the order, the Illinois Supreme Court transferred the case to Cook County and consolidated it with a related

case. That explanation, as it happens, is also the reason we must vacate the McHenry County court's order. Because that order was issued several days *after* the Supreme Court ordered the transfer, the McHenry County court lacked jurisdiction to issue any order at all in this action.

¶ 3                                    BACKGROUND

¶ 4     This case involves a long and bitter dispute between family members over a family business. Given our disposition, we need not delve deeply into the underlying facts of the intricate and extensive litigation resulting from it. A brief outline will suffice.

¶ 5     In 2014, a significant dispute arose among the four Ventrella brothers and their cousins over Property Dynamics, the family's business. In 2019, Property Dynamics tried to redeem the ownership interest of plaintiff Joseph Ventrella (Joe) after he allegedly engaged in fraudulent and "destructive misconduct." In 2019, Joe sued in Cook County to challenge the validity of the company's redemption (the Cook County action).

¶ 6     Two years later, in 2021, Joe filed a separate suit in McHenry County against his younger brother James, alleging that James violated his fiduciary duties as trustee of their deceased brother Paul's Trust, the most significant asset of which is its interest in Property Dynamics (the McHenry County action). As part of the McHenry County action, Joe claimed that James had mismanaged the Trust and failed to properly account for its assets.

¶ 7     In defending the McHenry County action, James hired an accounting firm, PBG Financial Services, PLLC (PBG) to perform accounting work for the Trust. Later, around September 2023, Joe subpoenaed PBG, seeking to discover all documents PBG produced related to the Trust. James objected, arguing that PBG was as a consultant with whom his communications remained confidential.

¶ 8    In October 2023, James filed a motion in the Illinois Supreme Court to transfer the McHenry County action to Cook County and consolidate the cases.

¶ 9    While that motion in the supreme court was pending, on November 13, 2023, the circuit court of McHenry County entered an order directing James to produce the PBG documents by November 23. On November 20, James sought "friendly" contempt so that he could appeal the validity of the court's discovery ruling. On November 30, the court heard oral arguments on the motion for friendly contempt.

¶ 10    The court stated on the record that "I'll find—make the finding of contempt, and it will be $50 per day for noncompliance," instead of the $1 per day requested. At the end of the hearing, however, the court did not enter a written order but directed counsel to prepare one. Counsel did not prepare one that day. No written order was entered on November 30.

¶ 11    The next day, Friday, December 1, 2023, before a written order of contempt was entered by the McHenry County judge, the Illinois Supreme Court granted James's motion to transfer and consolidate:

> "Pursuant to Supreme Court Rule 384, Joseph Ventrella, etc. v. James Ventrella, Indv., etc., McHenry County case No. 21 CH 19, is transferred to the Circuit Court of Cook County and consolidated with Anthony Scully, etc., et al. v. Property Dynamics LLC et al., etc., Cook County case No. 19 CH 1440."

¶ 12    That order, it is worth noting, did not require any court action; it did not require an order from the McHenry County court to transfer it; the supreme court's order was self-executing. To underscore its self-executing nature, Supreme Court Rule 384(c) provides that, once the transfer order is issued, "[t]he clerks of the circuit courts from which a transfer is ordered shall promptly

certify and transfer to the clerk of the circuit court to which the transfer is ordered all documents in the affected cases ***." Ill. S. Ct. R. 384(c)(5) (eff. July 1, 2017).

¶ 13    Nevertheless, on December 6, 2023—five days after the supreme court's order—the parties presented a written order to the McHenry County judge, who entered the written order finding James in contempt for refusing to comply with the November 13 discovery order.

¶ 14    The following day, December 7, the court in McHenry County entered another order clarifying that "[t]he Order reflecting this Court's ruling from November 30, 2023 was submitted and entered by the Court on December 6, 2023." That order also directed the McHenry County Clerk to "send the above caption[ed] McHenry County Case to Cook County Illinois."

¶ 15    The record reflects that the clerk of the circuit court of McHenry County transferred the case on December 7, 2023.

¶ 16    On January 2, 2024, James filed his notice of appeal in the circuit court of Cook County, as the case was now before that court. This appeal follows.

¶ 17                                  ANALYSIS

¶ 18    On appeal, James challenges the McHenry County court's November 13 discovery order and thus its December 6 contempt order that enforced his compliance with it. He sought "friendly" contempt from the McHenry County court so he could immediately appeal the ruling, the one and only way he could do so. See *Doe v. Township High School District 211*, 2015 IL App (1st) 140857, ¶ 67 (appeal of contempt order is mechanism by which appellate court may rule on otherwise unappealable discovery order).

¶ 19    Joe, on the other hand, claims that the McHenry County court lacked jurisdiction to enter the December 6 order, so it should be vacated as void without considering the substance.

¶ 20    We agree with Joe that the December 6 order is void, and that it is best viewed as a matter of jurisdiction. Consider, for example, our supreme court's decision in *People ex rel. East Side Levee & Sanitary District v. Madison County Levee & Sanitary District*, 54 Ill. 2d 442 (1973), even though its facts are far different. A sanitary district sued in St. Clair County to challenge the constitutionality of a statute that divided the district into sub-districts. *Id*. at 444. One of the sub-districts (a party to the St. Clair County suit) then filed an action in Madison County, seeking to restrain the district from spending any funds until the St. Clair County lawsuit was resolved. *Id*. at 445. Our supreme court held that "the clearly proper course of action for the Madison County court was to *decline jurisdiction* in light of the pending St. Clair County litigation in which precisely the same relief could have been sought." (Emphasis added.) *Id*.

¶ 21    More recently, we considered a case where a man convicted of murder had a petition for relief pending in the circuit court of Cook County but then filed a *mandamus* action in Livingston County, seeking to compel the court in Cook County to vacate his conviction. See *Oliver v. Kuriakos-Ciesil*, 2020 IL App (4th) 190250, ¶¶ 1-6. The trial court dismissed the petition, finding that the man had failed to satisfy the requirements for *mandamus*, but this court, citing *East Side Levee*, noted that "the court could have *declined to exercise its jurisdiction* in this matter in light of the fact plaintiff's section 2-1401 petition *** was pending in the circuit court of Cook County." (Emphasis added.) *Id*. ¶ 19.

¶ 22    As these cases demonstrate, even when a court has subject-matter and personal jurisdiction in a case, it may decline to exercise that jurisdiction if a related case is pending elsewhere. What happened here is different but not materially so. Here, the McHenry County court did not *decline* jurisdiction; our highest court *transferred* jurisdiction away from McHenry County to Cook County. So we think it is proper to view this as a jurisdictional matter.

¶ 23    On December 1, 2023, our supreme court removed the McHenry County court's jurisdiction over this matter when it transferred the case to Cook County. Once that self-executing order was entered, the McHenry County court lost jurisdiction to enter any orders in that case. The order of December 6 was thus void. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002) (court order entered without jurisdiction is void).

¶ 24    We cannot agree with James's attempt to rehabilitate that contempt order. He argues that the McHenry County court made clear (in its December 7 order) that its December 6 order was merely a reflection of the decision it orally announced from the bench on November 30—one day *before* our supreme court's transfer and consolidation order.

¶ 25    That may be true, but the oral ruling on November 30 was not a final contempt order, because the court ordered the parties to commit the oral ruling to writing, and that had not happened yet. See Ill. S. Ct. R. 272 (eff. Jan 1, 2018) ("If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge *** the judgment becomes final only when the signed judgment is filed."); *Rocha v. FedEx Corp.*, 2020 IL App (1st) 190041, ¶ 62 (per Rule 272, "the oral pronouncement [on August 9, 2018] granting summary judgment on count II did not constitute the judgment on that count. Rather, the entry of the formal written order on December 5, 2018, was when the judgment on count II was entered ***."). And as noted above, by the time the McHenry County court entered its written order on December 6, our supreme court had transferred jurisdiction of the case to Cook County.

¶ 26    Because the December 6 order from the McHenry County court was void, we have no other recourse but to vacate it. *Delgado v. Board of Election Commissioners of City of Chicago*, 224 Ill. 2d 481, 486 (2007) (courts have duty to vacate void orders). As the (friendly) contempt

order was the only procedural mechanism for us to review the underlying discovery dispute, see

*Doe*, 2015 IL App (1st) 140857, ¶ 67, we have no basis to review that dispute now and express

no opinion on it. We remand to the circuit court of Cook County for further proceedings.

¶ 27    Vacated and remanded.